■ TOWN OF SOUTHAMPTON, Respondent, v HOWARD SALTEN, Appellant.—In an action to recover damages for abuse of process and malicious prosecution, the defendant appeals from an order of the Supreme Court, Suffolk County (Copertino, J.), dated October 4, 1990, which denied his motion to vacate a prior order of the same court, dated August 3, 1990, which (1) granted the plaintiff's cross motion to strike the defendant's answer upon his default in appearing at a deposition, and (2) issued a permanent injunction barring the defendant from commencing further proceedings or actions against the plaintiff without the specific permission of the Administrative Judge of the Supreme Court of Suffolk County.

Ordered that the order is affirmed, with costs.

Since the inception of this action, the defendant has continually thwarted the plaintiff's efforts to obtain the defendant's deposition, including failing to appear at a deposition ordered by the Judicial Hearing Officer appointed by the court to supervise discovery. Ultimately, in response to the plaintiff's cross motion to strike the defendant's answer, the court issued a conditional order granting the cross motion unless the defendant appeared for the next court-ordered deposition, scheduled for July 31, 1990.

Three days prior to the date set for this deposition, the defendant served, by mail, a motion to dismiss the complaint for failure to state a cause of action (CPLR 3211 [a] [7]), returnable almost four months later on November 20, 1990. Thereafter, the defendant did not appear at the deposition scheduled for July 31, 1990. On August 3, 1990, the court struck the defendant's answer for failure to comply with the court's prior conditional order. The court also enjoined the

defendant from commencing any further actions or proceedings against the plaintiff without first obtaining the specific permission of the Administrative Judge of the Supreme Court of the County of Suffolk.

On August 14, 1990, the defendant moved, pursuant to CPLR 5015, to vacate his "default" in not appearing at the deposition scheduled for July 31, 1990. The Supreme Court denied the motion. On appeal, the defendant contends that when he brought the motion to dismiss the complaint, the impending deposition was automatically stayed by operation of CPLR 3214 (b).

The defendant's motion to dismiss pursuant to CPLR 3211 did not in any way immunize the defendant from the dismissal of his answer (see, Laverne v Incorporated Vil. of Laurel Hollow, 18 NY2d 635, 638). The record is replete with examples of the defendant's pattern of willful and contumacious behavior regarding the plaintiff's attempt to depose him. Under these circumstances, dismissal of the defendant's answer was within the broad discretion of the court (see, Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d 568; Moriates v Powertest Petroleum Co., 114 AD2d 888; Battaglia v Hofmeister, 100 AD2d 833). Nor do we find that the granting of the injunction was beyond the equity powers of the court or otherwise improper (see, Sassower v Signorelli, 99 AD2d 358).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Eiber, J. P., Ritter, Pizzuto and Santucci, JJ., concur.