■ SANDOR OBERLANDER et al., Respondents-Appellants, v JOSEF LEVI et al., Appellants-Respondents. [615 NYS2d 903] —In an action, *inter alia,* to recover moneys advanced in furtherance of a failed joint venture, the defendants appeal from an order of the Supreme Court, Kings County (Vinik, J.), dated August 5, 1992, which, *inter alia,* denied that branch of their motion which was to vacate so much of an order of the same court, dated December 31, 1991, as failed to vacate a finding of liability against them, and the plaintiffs cross-appeal from so much of the order dated August 5, 1992, as vacated the award of the principal sum of $158,500 and directed an inquest as to damages.

Ordered that the appeal by Josef Levi and the cross appeal against Josef Levi are dismissed, without costs or disbursements, and it is declared that that order is a nullity as to him; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The appeal and cross appeal must be dismissed insofar as they concern Josef Levi. This defendant died on May 1, 1992, and no executor had been appointed to represent his estate as of August 5, 1992, the date of the order appealed from. Therefore, that order is a nullity as against an unrepresented deceased former party (see, Monteleone v Hickey, 174 AD2d 940; Bossert v Ford Motor Co., 140 AD2d 480; Condy v Alpren, 123 AD2d 737; Wisdom v Wisdom, 111 AD2d 13). However, the order dated December 31, 1991, which was made upon the defendants' failure to comply with a discovery order of the same court dated November 15, 1991, was issued during Josef Levi's lifetime and thus, the finding of liability, as against this deceased defendant, was not vacated by the order on appeal.

As to the surviving parties, the order is affirmed insofar as reviewed. The defendants' repeated, willful discovery defaults, in violation of an order dated November 15, 1991, directing discovery, warranted the sanction of striking their answer. Their belated, meritless summary judgment motion did not immunize them from the dismissal of their answer under the circumstances of this case (see, Laverne v Incorporated Vil. of Laurel Hollow, 18 NY2d 635, 638; Town of Southampton v Salten, 186 AD2d 796). Indeed, the striking of their answer was especially appropriate in this case, because the defendants' discovery refusals contributed to a delay during which Josef Levi died, thus permanently preventing his deposition. Accordingly, the court did not improvidently exercise its discretion by striking the answer.

Nor was it improvident for the court to vacate the damages portion of its order dated December 31, 1991, since the damages were not readily ascertainable (see, Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d 568, 572). Rather, an inquest is more appropriate to ascertain the plaintiffs' actual damages. Bracken, J. P., Miller, Joy and Altman, JJ., concur.