■ Susan Macomber, on Behalf of Gladys Agne et al., Deceased, Appellant, v Sebastian Cipollina, Defendant, and

COMMUNITY HOSPITAL OF WESTERN SUFFOLK, Respondent. [641 NYS2d 64] —In a negligence action to recover damages for personal injuries, etc., Susan Macomber, as personal representative of the deceased plaintiffs, appeals from (1) an order of the Supreme Court, Suffolk County (Underwood, J.), dated April 3, 1995, which denied her motion, *inter alia,* (a) to be substituted as the party plaintiff, and (b) granted the motion by the defendant Community Hospital of Western Suffolk and the purported motion by the defendant Sebastian Cipollina to dismiss the complaint pursuant to CPLR 1021 based on the failure to timely make such substitution; and (2) a judgment of the same court, dated May 1, 1995, which was entered on the April 3, 1995, order.

Ordered that the appeal from the order dated April 3, 1995, is dismissed, without costs or disbursements; and it is further,

Ordered that the appeal from that portion of the judgment granting the purported motion of the defendant Sebastian Cipollina is dismissed and that portion of the judgment is vacated, without costs or disbursements; and it is further,

Ordered that the judgment is otherwise reversed, as a matter of discretion, without costs or disbursements, the motion by the defendant Community Hospital of Western Suffolk to dismiss the complaint insofar as asserted against it is denied, that branch of the motion by Susan Macomber for substitution as the party plaintiff in the action against Community Hospital of Western Suffolk is granted, and the caption is amended accordingly; and it is further,

Ordered that within 30 days after the date of this decision and order, the plaintiff is directed to move by order to show cause in the Supreme Court, Suffolk County, pursuant to CPLR 1021, to make substitution of the defendant Sebastian Cipollina's personal representative as a party defendant, upon notice, as prescribed in CPLR article 3, to his personal representative, or, in the event that one has yet to be appointed, then upon the person sought to be substituted.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The appeal insofar as it concerns the deceased defendant Sebastian Cipollina must be dismissed. Because Cipollina died prior to the date of his purported cross motion and no executor had been appointed to represent his estate as of that date, his

former attorneys lacked any authority to proceed in this action upon his death (*see, Manhanaim Resort Corp. v Samples,* 156 AD2d 342, 343-344), and that portion of the judgment determining the purported cross motion by Cipollina is a nullity and must be vacated (*see, Oberlander v Levi,* 207 AD2d 437).

As to the motion by the defendant Community Hospital of Western Suffolk (hereinafter Community Hospital) to dismiss the complaint insofar as asserted against it pursuant to CPLR 1021, we conclude that the Supreme Court improvidently exercised its discretion in granting the motion because the appellant's delay in seeking substitution resulted in no prejudice to Community Hospital (*see, Egrini v Brookhaven Mem. Hosp.,* 133 AD2d 610; *Carel Almo Serv. v Weisskopf,* 58 AD2d 550, 551). In connection with this, we note that although the appellant had not yet been appointed personal representative of the deceased plaintiff, Gladys Agne, at the time of her motion, she had already petitioned for letters testamentary. Since the Surrogate's Court, Suffolk County, has since granted letters testamentary to the appellant, we effect substitution of the appellant as the proper party plaintiff with respect to Gladys Agne.

The appellant's motion, however, cannot yet be determined as against the deceased defendant Sebastian Cipollina. Although the appellant properly sought substitution of Cipollina's personal representative as a party defendant upon his death, and was correct in doing so in the Supreme Court rather than in the Surrogate's Court (*see,* CPLR 1015; *see also, Harding v Noble Taxi Corp.,* 155 AD2d 265, 266), the court first had to obtain jurisdiction over Cipollina's personal representative by serving him or her as prescribed in CPLR article 3 (*see, Matter of Einstoss,* 26 NY2d 181, 190; *Topal v BFG Corp.,* 108 AD2d 849, 850-851). The appellant's service of the order to show cause on the deceased defendant's former attorneys in the manner prescribed for motion papers was insufficient (*see, Topal v BFG Corp., supra*). Therefore, the appellant is directed to effect service in a manner consistent with this decision and order. Mangano, P. J., Thompson, Florio and McGinity, JJ., concur.