■ ROBERT S. MEEHAN, Appellant, v ROBINSON WASHINGTON, JR., et al., Respondents. [660 NYS2d 737] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Belen, J.), dated September 29, 1995, which granted the motion of the defendants Ryder Truck Rental, Inc. and Robinson Washington, Jr., and the cross motion of the defendant Shnayer Klein, to dismiss the complaint for failure to prosecute the action to the extent of directing the plaintiff to have an administrator appointed for the deceased defendant Robinson Washington, Jr., within 30 days thereof.

Ordered that the order is modified by deleting the first decretal paragraph thereof, and substituting therefor provisions (1) denying the motion and cross motion, and (2) on the court's own motion, directing the plaintiff to apply for the appointment of an administrator for the deceased defendant Robinson Washington, Jr., and, upon said appointment, to apply

for substitution of the administrator as a party defendant in the place and stead of the deceased defendant Robinson Washington, Jr.; as so modified, the order is affirmed, without costs or disbursements, and the plaintiff's time to move for the appointment of an administrator is enlarged until 45 days after the date of this decision and order; in the event that the plaintiff shall have neglected or failed to move for the appointment of an administrator as aforesaid, the complaint insofar as it is asserted against the deceased defendant Robinson Washington, Jr., is dismissed, without prejudice.

On April 10, 1992, while the present action was pending, the defendant Robinson Washington, Jr., died. By letter dated May 6, 1992, the attorney for Washington, who also represented the defendant Ryder Truck Rental, Inc. (hereinafter Ryder), informed the plaintiff's attorney that Washington had died and that he would not seek to have a personal representative appointed for Washington.

More than 2½ years later, no legal representative had been substituted for Washington. On December 7, 1994, the attorney for Ryder, purportedly also acting on behalf of Washington, served the plaintiff with a 90-day notice demanding that he serve and file a note of issue. Thereafter, in June 1995 the attorney for Ryder, again purportedly also acting on behalf of Washington, moved, and the defendant Shnayer Klein crossmoved, to dismiss the action based on the plaintiff's failure to prosecute by not having sought substitution of a legal representative for Washington and not having complied with the discovery schedule imposed by a preliminary conference order issued by the court on October 28, 1991.

It is well settled that the death of a party terminates his attorney's authority to act and stays the action as to him pending the substitution of a legal representative (see, CPLR 1015; Matter of Einstoss, 26 NY2d 181; Brogan v Mary Immaculate Hosp., 209 AD2d 663) and any determination rendered without such substitution is generally deemed a nullity (see, Oberlander v Levi, 207 AD2d 437). Pursuant to CPLR 1015 (a), which provides "[i]f a party dies and the claim for or against him is not thereby extinguished the court shall order substitution of the proper parties", the plaintiff is directed to apply for the appointment of an administrator for Washington, and upon said appointment, to apply for substitution of the administrator as a party defendant. Joy, J. P., Altman, Friedmann and Krausman, JJ., concur.