■ PEDRO C. GONZALEZ, Appellant, v FORD MOTOR Co. et al., Respondents. (And a Third-Party Action.) [744 NYS2d 468] —In an action to recover damages for personal injuries and wrongful death, the appeal is from (1) an order of the Supreme Court, Kings County (Jackson, J.), dated February 27, 2001, which granted the defendants' respective motions, in effect, to dismiss the complaint insofar as asserted against them for failure to appoint a substitute administrator for the Estate of Pedro Caamano within a reasonable time, and (2) an order of the same court, dated August 1, 2001, which denied the plaintiff's motion, inter alia, to vacate as a nullity the order dated February 27, 2001, and to substitute a new administrator.

Ordered that the appeal from the order dated February 27, 2001, is dismissed; and it is further,

Ordered that the order dated August 1, 2001, is reversed, on the law, and as a matter of discretion, the plaintiff's motion is granted, and Ramona Blanca Brea, as substituted administrator ad prosequendum of the estate of Pedro Caamano, is substituted as the plaintiff in this action, and the order dated February 27, 2001, is vacated; and it is further,

Ordered that one bill of costs is awarded to the appellant.

This is an action to recover damages for personal injuries and the wrongful death of Pedro Caamano, who allegedly died when he was run over by a truck manufactured by the defendant Ford Motor Co. (hereinafter Ford). Caamano's father commenced this action after he was appointed administrator of Caamano's estate. During discovery, however, the father died. Caamano's widow and adult child lived in Spain, and the attorney who had represented the father had difficulty in getting a substitute administrator appointed for Caamano's estate. The defendants separately moved to dismiss the complaint pursuant to CPLR 1021 for the failure to appoint a substitute administrator within a reasonable time. However, no person interested in Caamano's estate was provided with notice of the motions, as required by CPLR 1021. Nevertheless, in an order dated February 27, 2001, the Supreme Court dismissed the complaint.

About two months later, the appropriate New Jersey court granted letters of administration to Caamano's sister to represent his estate. She then retained the father's attorney, who moved in the present action, inter alia, to vacate as a nullity the order dated February 27, 2001, and to substitute her as administrator of the decedent's estate. In an order dated August 1, 2001, the Supreme Court denied the motion.

The order dated February 27, 2001, must be vacated as a nullity. Upon the father's death, the law firm representing him no longer had any authority to act on the father's behalf in this action (see *Meehan v Washington,* 242 AD2d 286; *Macomber v Cipollina,* 226 AD2d 435), proceedings in the action were automatically stayed, and the Supreme Court was divested of jurisdiction to act (see *Kelly v Methodist Hosp.,* 276 AD2d 672; *Sargoy v Wamboldt,* 183 AD2d 763). Although CPLR 1021 is an exception to the latter principle, the Supreme Court must first obtain jurisdiction over the persons interested in the decedent's estate by serving them as prescribed in CPLR article 3 (see *Macomber v Cipollina, supra* at 437; *Topal v BFG Corp.,* 108 AD2d 849). In this case, no persons interested in the decedent's estate were provided any notice of the defendants' respective motions to dismiss the complaint pursuant to CPLR 1021. Although notice was provided to the law firm which represented the father, such service was insufficient to obtain jurisdiction over the persons interested in the decedent's estate (see *Macomber v Cipollina, supra*).

Moreover, the Supreme Court improvidently exercised its discretion in denying that branch of the motion pursuant to CPLR 1015, which was to substitute Caamano's sister as administrator of his estate (see *Encalada v City of New York,* 280 AD2d 578; *Petty v Meadowbrook Distrib. Corp.,* 266 AD2d 88; *Macomber v Cipollina, supra* at 437; *Brogan v Mary Immaculate Hosp. Div. of Catholic Med. Ctr. of Brooklyn & Queens,* 209 AD2d 663; *Egrini v Brookhaven Mem. Hosp.,* 133 AD2d 610; cf. *Suciu v City of New York,* 239 AD2d 338).

The defendants' remaining contentions are without merit. Ritter, J.P., Krausman, Friedmann and Luciano, JJ., concur.