■ MARY HYMAN, Appellant, v BOOTH MEMORIAL HOSPITAL et al., Respondents. [761 NYS2d 306] —In an action, inter alia, to recover damages for medical malpractice, the appeals are from (1) an order of the Supreme Court, Queens County (Milano, J.), dated July 23, 2001, which, inter alia, granted the motion of the defendant George Lum to dismiss the complaint for failure to substitute the estate of the deceased plaintiff as the proper party plaintiff within a reasonable time pursuant to CPLR 1021, (2) a judgment of the same court entered August 24, 2001, which, inter alia, is in favor of the defendant George Lum and against the deceased plaintiff, dismissing the complaint insofar as asserted against that defendant, and (3) an order of the same court dated July 25, 2001, which granted the motion of the defendant Booth Memorial Hospital to dismiss the complaint insofar as asserted against it for failure to substitute the estate of the deceased plaintiff as the proper party plaintiff within a reasonable time pursuant to CPLR 1021, and denied the administrator's cross motion to be substituted as the party plaintiff.

Ordered that the appeals are dismissed, without costs or disbursements.

The death of a party terminates the authority of the attorney for that person to act on his or her behalf (*see Gonzalez v Ford Motor Co.,* 295 AD2d 474 [2002]; *Meehan v Washington,* 242 AD2d 286, 287 [1997]; *see generally* CPLR 1015 [a]). Mary Hyman died intestate after commencement of this action and no substitution was effected. Hyman's attorney purportedly took these appeals on Hyman's behalf. Since counsel lacks the authority to act, the purported appeals must be dismissed, as this Court is without jurisdiction to hear and determine them (*see Livshits v Raginskiy,* 289 AD2d 458 [2001]; *Kelly v Methodist Hosp.,* 276 AD2d 672, 673 [2000]).

Generally speaking, the Supreme Court is also divested of jurisdiction; however, CPLR 1021 is an exception to that principle (*see Gonzalez v Ford Motor Co., supra*). Here, persons interested in the decedent's estate were provided with sufficient notice of the defendants' respective motions to dismiss the complaint pursuant to CPLR 1021, so that the Supreme Court had jurisdiction regarding the motions. Accordingly, the underlying orders and judgment need not be vacated (*see* CPLR 1021; *cf. Macomber v Cipollina,* 226 AD2d 435 [1996]; *Gonzalez v Ford Motor Co., supra*). Smith, J.P., Goldstein, McGinity and Mastro, JJ., concur.