■ WILLIAM WASHINGTON, Respondent, v MIN CHUNG HWAN et al., Appellants. [799 NYS2d 31]—

Order, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered July 22, 2003, denying defendants' motion pursuant to CPLR 1021 to dismiss the complaint and for related relief, unanimously reversed, on the law, without costs or disbursements, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff, now deceased, commenced this action on or about December 18, 1995 to recover for personal injuries sustained on or about September 21, 1995, when he, a pedestrian, was struck by a van owned by defendant Hosanna Paper Co. and driven by

defendant Min Chung Hwan. In their answer defendants asserted the affirmative defense that plaintiff's injuries were due to his culpable conduct. Plaintiff and Min Chung Hwan were deposed and settlement negotiations took place. Plaintiff died on June 24, 1998 and, at a subsequent conference held on September 23, 1999, counsel for the deceased plaintiff agreed either to have a representative appointed or to seek the appointment of the Public Administrator within 120 days. No application for such relief has ever been made. When the case appeared on the calendar of February 29, 2000, the court marked the matter "settled," based on a representation that counsel for the departed plaintiff had tentatively agreed to a settlement, subject to approval by the Surrogate's Court. Counsel sent the necessary estate administration papers to the beneficiaries of plaintiff's estate, including his nephew, Delberg Wilson of Seabrook, Maryland, on several occasions. Wilson failed to return the papers or respond to counsel's correspondence and other communications, including telephone calls. Counsel has been unable to locate any other potential beneficiaries.

In June 2003, defendants moved to vacate the "settled" marking, restore the matter to active status and dismiss the complaint pursuant to CPLR 1021 on the ground that a substitution of an estate representative in place of the deceased plaintiff had not been made within a reasonable time, arguing that unless dismissal were granted the "matter will remain in limbo in perpetuity." Defendants also sought dismissal pursuant to CPLR 3404 on the ground that the case was marked off the calendar on February 29, 2000, and not restored within one year. Plaintiff's counsel opposed the motion, detailing his efforts at communicating with the deceased's family and arguing that defendants had not been prejudiced by the delay. Counsel noted his belief that "the beneficiary with whom I was in contact may have expired himself or been called into active/overseas service in the military forces." Supreme Court denied the motion, holding that on the death of a plaintiff the court loses jurisdiction and that "all activity that transpires after the date of death is completely null and void." We reverse.

At the outset, we note that the record contains no evidence that the case was ever settled. Although, as conceded, defendants offered to settle the case, there is no evidence that the offer preceded plaintiff's death, that plaintiff ever agreed to the settlement before he died or that the proposed settlement was ever reduced to writing or made in open court, as required by CPLR 2104. It should be noted that the purported settlement was not even brought to the court's attention until some 18 months af-

ter plaintiff's death. Thus, there was never an enforceable settlement.

Furthermore, contrary to Supreme Court's holding, while the death of a party results in a stay of the action, the courts are vested with jurisdiction in certain situations to dismiss such an action. Pursuant to CPLR 1021, if a party dies "and timely substitution has not been made, the court, before proceeding further, shall, on such notice as it may in its discretion direct, order the persons interested in the decedent's estate to show cause why the action or appeal should not be dismissed." In *Palmer v Selpan Elec. Co.* (5 AD3d 248 [2004]), on nearly identical facts, this Court reversed the denial of a CPLR 1021 motion and dismissed the complaint. There, no substitution had been effected in the four years since the plaintiff's death (*see Suciu v City of New York*, 239 AD2d 338 [1997]). Here, in this nine-year-old action, seven years have elapsed since plaintiff's death, and no representative has been substituted. It is quite apparent that plaintiff's family, having been afforded a reasonable time to effectuate the required substitution and having failed to make any effort to do so, has no interest in the action. Despite his representation that he is "in the process of having a petition filed," plaintiff's counsel has failed to move to have the Public Administrator appointed. Since a substitution has not taken place within a reasonable time, as required (CPLR 1021), the complaint should have been dismissed. Concur—Andrias, J.P., Saxe, Sullivan, Ellerin and Sweeny, JJ.