■ DAWN RUMOLA et al., Respondent, v MAIMONIDES MEDICAL CENTER, Appellant. [830 NYS2d 569]—

In an action, inter alia, to recover damages for wrongful death, the defendant appeals from an order of the Supreme Court, Kings County (Levine, J.), dated May 4, 2006, which, in effect, granted the motion of Dawn Rumola to vacate a prior order of the same court dated January 11, 2002, dismissing the action and, in effect, to substitute her as the plaintiff pursuant to CPLR 1015 (a), and denied its cross motion to dismiss the action pursuant to CPLR 1021.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof, in effect, granting the motion and substituting therefor a provision dismissing the motion, (2) by deleting the provision thereof denying the cross motion and substituting therefor a provision denying the cross motion with leave to renew on proper notice to the persons interested in the estate of Thomas Sharp, also known as Thomas Joseph Sharp, deceased, and (3) by adding a provision thereto vacating the order dated January 11, 2002, on the ground that it is a nullity; as so modified, the order is affirmed, without costs or disbursements.

Upon the death of Anna Rumola, the personal representative of the estate of the deceased plaintiff, Thomas Sharp, also known as Thomas Joseph Sharp (hereinafter Sharp), the proceedings were automatically stayed, and the Supreme Court was divested of jurisdiction to act until a new personal repre-

sentative was appointed for Sharp's estate (*see Singer v Riskin,* 32 AD3d 839, 839-840 [2006]; *Gonzalez v Ford Motor Co.,* 295 AD2d 474, 475 [2002]). The Supreme Court nevertheless dismissed the action in an order dated January 11, 2002.

Dawn Rumola, claiming to be the sister of Sharp and the daughter of Anna Rumola, the plaintiff in this action as the administratrix of Sharp's estate, moved, in effect, to be substituted as the plaintiff. She also moved to vacate the order dismissing this action dated January 11, 2002, years following the death of Anna Rumola on November 16, 1999. The defendant, on notice only to the attorney for the original plaintiff, cross-moved pursuant to CPLR 1021 to dismiss the action with prejudice for failure to timely substitute a legal representative for Anna Rumola. The Supreme Court, mischaracterizing the main motion, inter alia, as one to restore the action to active status, granted that branch of the motion and amended the caption, in effect, granting the application of Dawn Rumola to reflect that she is the administratrix of Anna Rumola's estate. This was error.

There is no proof that Dawn Rumola was appointed a successor or personal representative of the estate of Sharp (*see* EPTL 11-3.2 [b]; *Singer v Riskin, supra* at 840). In fact, her assertion that she is the sister of Sharp is utterly conclusory without explaining how she shares common parents. Furthermore, her capacity as administratrix of her mother's estate does not qualify her as the administratrix of the estate of Sharp without her receiving the latter appointment by the Surrogate's Court (*see* EPTL 5-4.1 [1]; SCPA 1002). Therefore, Dawn Rumola had no standing to seek to be substituted for her mother as the plaintiff in a representative capacity and, indeed, could not seek vacatur of the dismissal of this action by order dated January 11, 2002, even though the dismissal was a nullity (*see Singer v Riskin, supra; Lewis v Kessler,* 12 AD3d 421, 422 [2004]; *Hicks v Jeffrey,* 304 AD2d 618 [2003]). Had she been denied this relief, we would dismiss her appeal for lack of jurisdiction (*see Brown v Konczeski,* 242 AD2d 847, 848 [1997]; *Oberlander v Levi,* 207 AD2d 437, 438 [1994]; *Monteleone v Hickey,* 174 AD2d 940 [1991]); but, she was granted this relief and, on appeal by the defendant, we vacate the grant of any relief whatsoever to Dawn Rumola. Furthermore, the dismissal of this action on January 11, 2002 was a nullity (*see Oberlander v Levi, supra* at 437).

The Supreme Court correctly denied the defendant's cross motion to dismiss the action. CPLR 1021 provides an exception to the principle that the Supreme Court is divested of jurisdiction to act during an automatic stay (*see Washington v Min*

*Chung Hwan,* 20 AD3d 303, 305 [2005]; *Gonzalez v Ford Motor Co., supra).* However, a motion to dismiss pursuant to CPLR 1021 requires notice to parties interested in the estate of Sharp, and such notice was not provided herein. Notice to the attorney for the original plaintiff does not suffice *(see Gonzalez v Ford Motor Co., supra; Monteleone v Hickey, supra).* Thus, the cross motion should have been denied with leave to renew the application on notice to "the persons interested in the . . . estate" of Sharp *(see Singer v Riskin, supra* at 839; *Brown v Konczeski, supra; Gonzalez v Ford Motor Co., supra* at 475). Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.