OPINION OF THE COURT
Dianne T. Renwick, J.
*656 On September 14, 2004, plaintiff Rafael Peña commenced this action seeking to recover money damages for personal injuries sustained during a slip and fall that occurred on August 15, 2004 at the premises owned and operated by defendants. Although plaintiff died in January 2007, no administrator of the estate of Rafael Peña has been substituted in place of Rafael Peña. Defendants now move, pursuant to CPLR 1015, for a court order directing the attorney for the deceased plaintiff before his demise to have an administrator appointed to the estate of the deceased plaintiff for the purpose of prosecuting this action. Although unopposed, the motion is denied for the reasons explained below.
Discussion
The case is abundantly clear that the former attorney for the now-deceased plaintiff has no authority to act once the client expired. (See e.g. Gonzalez v Ford Motor Co., 295 AD2d 474 [2d Dept 2002].) Plaintiffs former counsel may not make a substitution for the decedent sua sponte, but must instead be granted the authority to do so from the prospective new plaintiff. (Manhanaim Resort Corp. v Samples, 156 AD2d 342 [2d Dept 1989]; Weber v Bellinger, 124 AD2d 1009 [4th Dept 1986].) Further, once proper and valid substitution has been made, the new representative is by no means required or obligated to remain with the deceased plaintiffs legal authority. (Id.)
This does not imply nor should it be construed as saying that defendants are powerless to act once plaintiff died. There are two statutory exceptions to the stay that automatically results upon a party’s death. While not statutorily required, defense counsel may take any affirmative steps to effectuate substitution on behalf of a deceased plaintiff. (See CPLR 1021.) Alternatively, CPLR 1021 grants the defendant the option of moving to dismiss for failure to make a timely substitution. (See e.g. Washington v Min Chung Hwan, 20 AD3d 303 [1st Dept 2005]; Palmer v Selpan Elec. Co., 5 AD3d 248 [1st Dept 2004].)
However, before the action is subject to dismissal, the deceased plaintiffs family must be afforded a reasonable time to effectuate the required substitution. (See Blank v Schafrann, 206 AD2d 771 [3d Dept 1994].) For example, in Gonzalez v Ford Motor Co. (295 AD2d 474 [2002]), the decedent’s father, as administrator of decedent’s estate, brought an action to recover damages for personal injuries and wrongful death. The father subsequently died, and defendants moved to dismiss the *657 complaint for failure to appoint a substitute administrator within a reasonable time. The trial court dismissed the complaint and denied the motion of decedent’s sister, who eventually had been substituted as administrator of the estate, to vacate its prior order as a nullity. The Appellate Division, however, vacated the dismissal, holding that because no persons interested in decedent’s estate had been provided with notice of the motions to dismiss, the Supreme Court lacked jurisdiction to act. (See also Blank v Schafrann, 206 AD2d 771 [1994].)
Conclusion
In short, defendants’ motion seeking, pursuant to CPLR 1015, a court order directing the attorney for the deceased plaintiff to have an administrator appointed to the estate of the deceased plaintiff, for the purpose of prosecuting this action, is denied. Except for the aforementioned two statutory grounds, this court lacks authority and jurisdiction over this action upon the death of plaintiff. (See Topal v BFG Corp., 108 AD2d 849 [2d Dept 1985].) Instead, counsel for defendants should do the necessary research required to ascertain the name and location of the deceased plaintiffs heirs, which would allow them to exercise one of the two statutory exceptions to the stay that automatically results upon a party’s death.