■ LAURA MANTO, as Administratrix of the Estate of GUIDO ACETO, et al., Appellants, v VINCENZO CERBONE et al., Respondents. [898 NYS2d 182]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Rosengarten, J.), entered December 3, 2008, as granted those branches of the cross motion of the defendants Vincenzo Cerbone, Vincenzo Cerbone Revocable Living Trust, and Ida Cerbone, and the separate cross motion of the defendant Manducatis Restaurant, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the plaintiffs payable by the defendants appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

In July 2003 the plaintiffs' decedent, Guido Aceto (hereinafter the decedent), allegedly was injured when he tripped and fell at the premises leased by the defendant Manducatis Restaurant, Inc. (hereinafter Manducatis), and owned by the defendant Vincenzo Cerbone Revocable Living Trust. Manducatis is owned by the defendants Vincenzo Cerbone and Ida Cerbone.

In September 2005 the decedent and his wife, suing derivatively, commenced this action against the above-mentioned defendants. On January 27, 2007, the decedent passed away due to an unrelated condition. As a result, the Supreme Court automatically stayed all proceedings in the action. In March 2008 the plaintiff wife moved to vacate the stay and to substitute Laura Manto as the administratrix of the estate of Guido Aceto, in place of the decedent as a plaintiff in the action. The defendants then moved, by way of two cross motions, for summary judgment, inter alia, dismissing the complaint.

In the order appealed from, the Supreme Court granted the plaintiffs' motion and also granted those branches of the defendants' cross motions which were for summary judgment dismissing the complaint. The plaintiffs appeal from so much of the order as awarded those defendants summary judgment dismissing the complaint.

Upon the death of the decedent, the proceedings were stayed by the Supreme Court until the appointment of a personal representative for his estate (*see* CPLR 1015 [a];. *Rumola v Maimonides Med. Ctr.*, 37 AD3d 696 [2007]; *Gonzalez v Ford Motor Co.*, 295 AD2d 474, 475 [2002]; *see also Reed v Grossi*, 59 AD3d 509, 511 [2009]; *Singer v Riskin*, 32 AD3d 839 [2006]). Any determination rendered against a deceased party pending substitution of a legal representative for the estate of that party is generally a nullity (*see Reed v Grossi*, 59 AD3d at 511). This is because when a party dies, the Supreme Court is "divested of jurisdiction to act" (*Rumola v Maimonides Med. Ctr.*, 37 AD3d at 696; *Gonzalez v Ford Motor Co.*, 295 AD2d at 475; *see Singer v Riskin*, 32 AD3d 839 [2006]).

Here, while the Supreme Court, in the order appealed from, first substituted a personal representative of the decedent's estate in place of the decedent as a plaintiff and also granted the cross motions seeking summary judgment dismissing the complaint, it was error for the Supreme Court to have considered the cross motions since the cross motions were made at a time when the stay was still in effect (*see e.g. O'Brien v Town of Huntington*, 297 AD2d 315 [2002]; *Matter of Pickerell v Town of Huntington*, 219 AD2d 24 [1996]; *Sutphin Trust v Capalino*, 104 AD2d 802 [1984]). Moreover, the personal representative of the decedent's estate, the newly-substituted plaintiff, was not afforded an opportunity to oppose the defendants' cross motions since she was not a party at the time that the cross motions were made. Accordingly, we remit the matter to Supreme Court, Queens County, for further proceedings, including service by the defendants, if they be so advised, of the cross motions upon the plaintiffs, for the submission of answering papers, if any, pursuant to CPLR 2214, and for a determination of the cross motions on the merits.

In light of our determination, we do not reach the parties' remaining contentions. Fisher, J.P., Florio, Belen and Austin, JJ., concur.