■ KARLA BARNABAS et al., Respondents, v KEITH RICHARD BOODOO, Defendant. ZACHARY BOODOO, Nonparty Appellant. [22 NYS3d 508]—

In an action pursuant to RPAPL article 15 to determine claims to certain real property, nonparty Zachary Boodoo appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated June 9, 2014, as denied those branches of his motion which were to vacate a prior order of the same court dated September 9, 2013, granting the plaintiffs' unopposed motion pursuant to CPLR 1021 to discontinue the action for failure to timely substitute a representative for the estate of the deceased defendant, and to substitute himself, as representative of the estate of the deceased defendant, as the defendant in the action, and (2) from an order of the same court dated April 2, 2015, which denied his motion, in effect, for leave to renew his prior motion.

Ordered that on the Court's own motion, the notices of appeal by Keith Richard Boodoo are deemed to be by nonparty

Zachary Boodoo (*see* CPLR 2001; *Matter of Tagliaferri v Weiler*, 1 NY3d 605 [2004]); and it is further,

Ordered that the order dated April 2, 2015, is reversed, on the facts, the law, and in the exercise of discretion, the motion of nonparty Zachary Boodoo for leave to renew is granted, and, upon renewal, the order dated June 9, 2014, is vacated and his motion to vacate the order dated September 9, 2013, granting the plaintiffs' unopposed motion pursuant to CPLR 1021 to discontinue the action for failure to timely substitute a representative for the estate of the deceased defendant, and to substitute himself, as representative of the estate of the deceased defendant, as the defendant in the action, is granted; and it is further,

Ordered that the appeal from the order dated June 9, 2014, is dismissed as academic in light of our determination on the appeal from the order dated April 2, 2015; and it is further,

Ordered that one bill of costs is awarded to nonparty Zachary Boodoo.

In 2004, the plaintiffs commenced this action pursuant to RPAPL article 15 to determine claims to a parcel of real property in Brooklyn (hereinafter the 2004 action). In May 2004, after filing an answer with counterclaims, the named defendant, Keith Richard Boodoo (hereinafter the decedent), died. The decedent was survived by eight sisters and one son, nonparty appellant Zachary Boodoo. On May 28, 2013, the plaintiffs moved pursuant to CPLR 1021 to discontinue the 2004 action without prejudice based upon the failure to timely substitute a representative for the decedent's estate. It is undisputed that the motion was only served on one of the decedent's eight sisters. The plaintiffs noted in their motion papers that in 2006 the decedent's counsel had been disbarred. No opposition to the motion was submitted, and on September 9, 2013, the Supreme Court granted the motion. On January 9, 2014, the plaintiffs commenced a new action to determine claims to the property, in which they alleged, inter alia, that they had acquired title to the property by adverse possession.

On January 29, 2014, an attorney for Zachary Boodoo filed a notice of appearance in the 2004 action, and on February 18, 2014, Zachary moved, inter alia, to vacate the order granting the plaintiffs' motion to discontinue the 2004 action and to substitute himself, as representative of the decedent's estate, as the defendant in that action. Zachary noted that even though the plaintiffs knew that the decedent had been survived by eight sisters, they had only served one of the sisters with their motion to discontinue the 2004 action. He alleged that he

was the decedent's only son and sole heir, that he was only 10 years old when the decedent died, that he had only recently learned of the 2004 action, and that he had a potentially meritorious defense and counterclaim. In support of his motion, he submitted a birth certificate and an affidavit from one of the decedent's sisters demonstrating that he was the decedent's son. In an order dated June 9, 2014, the Supreme Court denied the motion, concluding that Zachary failed to establish by competent evidence that he was the decedent's sole heir. Zachary appeals from that order.

Thereafter, Zachary obtained letters of administration designating him as administrator of the decedent's estate, and moved, in effect, for leave to renew his prior motion based upon those letters. In an order dated April 2, 2015, the Supreme Court denied the motion. Zachary also appeals from that order.

"The death of a party divests the court of jurisdiction and stays the proceedings until a proper substitution has been made pursuant to CPLR 1015 (a)" (*Vapnersh v Tabak*, 131 AD3d 472, 473 [2015] [internal quotation marks omitted]; *see Giroux v Dunlop Tire Corp.*, 16 AD3d 1068 [2005]). However, CPLR 1021 is an exception to that principle (*see Hyman v Booth Mem. Hosp.*, 306 AD2d 438 [2003]). CPLR 1021 provides, in pertinent part, that a motion for substitution may be made by the successors or representatives of a party or by any other party within a reasonable time after the party's death. If "timely substitution has not been made, the court, before proceeding further, shall, on such notice as it may in its discretion direct, order the persons interested in the decedent's estate to show cause why the action or appeal should not be dismissed" (CPLR 1021).

Here, the plaintiffs' motion to discontinue the 2004 action was not made on notice to all of the persons interested in the decedent's estate, and the decedent's attorney had been disbarred during the pendency of the 2004 action. In support of his motion to vacate the order granting the motion to discontinue the 2004 action, Zachary alleged that he was the decedent's son, that he was a minor at the time of the decedent's death, that he had only recently learned of the existence of the 2004 action, and that he had a potentially meritorious defense and counterclaim. Under those circumstances, the Supreme Court improvidently exercised its discretion in denying that branch of Zachary's motion which was to vacate the order granting the plaintiffs' motion to discontinue the 2004 action (*see* CPLR 1021; *cf. Thomas v Benedictine*

*Hosp.*, 8 AD3d 781, 782 [2004]; *Gonzalez v Ford Motor Co.*, 295 AD2d 474, 475 [2002]; *Meehan v Washington*, 242 AD2d 286, 287 [1997]).

Moreover, once Zachary demonstrated that he had been designated as the administrator of the decedent's estate, the Supreme Court should have granted his motion for leave to renew that branch of his prior motion which was to substitute himself as the defendant in the 2004 action (*see* CPLR 1021) and, upon renewal, granted that branch of the prior motion. Mastro, J.P., Dickerson, Miller and Maltese, JJ., concur.