Feurtado v Randy Page (2018 NY Slip Op 05449)





Feurtado v Randy Page


2018 NY Slip Op 05449


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-07040
 (Index No. 29108/06)

[*1]Lance Feurtado, on behalf of Anthony Feurtado, respondent, 
v
Randy Page, appellant, et al., defendants.


Solomon & Siris, P.C., Garden City, NY (Bill Tsevis of counsel), for appellant.
Stewart Law Firm, PLLC, Rosedale, NY (Nadira S. Stewart of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to rescind deeds, the defendant Randy Page appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered April 5, 2017. The order, insofar as appealed from, denied that defendant's cross motion pursuant to CPLR 1021 to dismiss the action, with leave to renew upon service upon the executors or administrators of the estates of Elouise B. Goodwin, deceased, Rose Lee Williams, deceased, and Lanie Goldberg, deceased, if any have been appointed, the Queens County Public Administrator, and the Queens County Surrogate.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting leave to renew the cross motion upon service upon the executors or administrators of the estates of Elouise B. Goodwin, deceased, Rose Lee Williams, deceased, and Lanie Goldberg, deceased, if any have been appointed, the Queens County Public Administrator, and the Queens County Surrogate, and substituting therefor a provision directing that leave to renew be granted upon service upon persons interested in the estates of Elouise B. Goodwin, deceased, Rose Lee Williams, deceased, and Lanie Goldberg, deceased; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
On December 28, 2006, the plaintiff commenced this action on behalf of his brother, Anthony Feurtado, inter alia, to rescind certain deeds in order to recover ownership of real property located in Jamaica, Queens. The complaint alleged that a deed dated December 31, 1996, conveying the property from Anthony Feurtado to the defendant Calvary Healing Deliverance and Evangelistic Miracle Temple, Inc. (hereinafter Calvary),was a forgery. Subsequently, the property was conveyed from Calvary to the defendant Fortunate Enterprises, Inc. (hereinafter Fortunate), and thereafter, by deed dated October 10, 2006, the property was conveyed from Fortunate to the defendant Randy Page.
In 2007, the plaintiff's counsel received notice that three of the defendants, Rose Lee Williams, Lanie Goldberg, and Elouise Goodwin (hereinafter collectively the decedents), died during the pendency of the action. In September 2016, the Supreme Court, in effect, removed the action from the active calendar. The plaintiff moved, inter alia, to restore the action to the calendar, and Page cross-moved pursuant to CPLR 1021 to dismiss the action based upon the plaintiff's failure to [*2]make a timely substitution of the proper parties in the place of the decedents. The court, among other things, denied Page's cross motion with leave to renew. Page appeals, and we modify.
"Generally, the death of a party divests a court of jurisdiction to act, and automatically stays proceedings in the action pending the substitution of a legal representative for the decedent pursuant to CPLR 1015(a)" (NYCTL 2004-A Trust v Archer, 131 AD3d 1213, 1214; see CPLR 1015, 1021; Vicari v Kleinwaks, 157 AD3d 975, 976).
Although "CPLR 1021 provides an exception to the principle that the Supreme Court is divested of jurisdiction to act during an automatic stay" (Rumola v Maimonides Med. Ctr., 37 AD3d 696, 697; see Washington v Min Chung Hwan, 20 AD3d 303, 305; Hyman v Booth Mem. Hosp., 306 AD2d 438, 438; Gonzalez v Ford Motor Co., 295 AD2d 474, 475), a motion to dismiss pursuant to CPLR 1021 requires that notice be provided to persons interested in the decedent's estate (see Barnabas v Boodoo, 134 AD3d 970, 971-972; Rumola v Maimonidies Med. Ctr., 37 AD3d at 698; Gonzalez v Ford Motor Co., 295 AD2d at 475).
Here, Page not only failed to provide notice of the cross motion to dismiss the action to persons interested in the decedents' estates, he also failed to offer evidence of any reasonable efforts to attempt to provide such notice. We agree with the Supreme Court's determination to deny Page's cross motion to dismiss the action, with leave to renew. However, pursuant to CPLR 1021, service should be made upon persons interested in the decedents' estates, rather than upon those parties designated by the Supreme Court.
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court