Santana v Stadium Ctr., LLC. (2024 NY Slip Op 51027(U))

[*1]

Santana v Stadium Ctr., LLC.

2024 NY Slip Op 51027(U)

Decided on August 9, 2024

Supreme Court, Bronx County

Hummel, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 9, 2024
Supreme Court, Bronx County

Carmen Santana, Plaintiff,

against
Stadium Center, LLC., Defendant.

Index No. 800331/2023E

Plaintiff 
MARTIN L GINSBERG Firm Name: Law Offices of Martin L. Ginsberg, P.C. Address: 185 Froehlich Farm Blvd., Woodbury, NY 11797 Phone: 718-805-2300 Fax: 516-364-3717 Service E-mail: mginsberg_law@verizon.net
Defendant THOMAS E LIPTAK Firm Name: KENNEY, SHELTON, LIPTAK & NOWAK, L.L.P Address: The Calumet Building 233 Franklin Street, Buffalo, NY 14202 Phone: 716-853-3801 Service E-mail: TELiptak@kslnlaw.com Other E-mails: samcilwraith@kslnlaw.com

Veronica G. Hummel, J.

In accordance with CPLR 2219(a), the decision herein is made upon consideration of all of the papers filed by the parties in NYSCEF in connection with defendant STADIUM CENTER, LLC's motion (Seq. No. 1) for an Order, pursuant to CPLR § 3216 and CPLR § 1021, dismissing plaintiff CARMEN SANTANA'S complaint based on the failure to prosecute the action and the failure to substitute a representative for the deceased plaintiff within a reasonable time. There is no opposition to the motion.
This action arises out of an alleged trip and fall that occurred on July 29, 2022. The Summons and Complaint was filed on January 9, 2023, and served upon defendant through Secretary of State on February 8, 2023. Limited Liability Company Law § 303. It appears that little if any action has been taken by plaintiff to litigate this action in the past year. On April 17, 2023, plaintiff requested a Preliminary Conference, and on July 10, 2023, counsel for plaintiff [*2]informed defendant by letter that plaintiff had passed away.
Six months later, on January 10, 2024, defendant served a Ninety (90) Day Demand for Resumption of Prosecution Notice to pursuant to CPLR §3216 on plaintiff's attorney. The demand required plaintiff to recommence prosecution, complete discovery, and file a Note of Issue by April 9,2024.
Of note, plaintiff has not uploaded proof of death and the action is not marked "stayed" in the court records. As the parties agree that plaintiff is deceased, however, the death of a party is therefore admitted and the action is stayed by law. CPLR §1015.
The death of a party that affects the merits of an action divests the court of jurisdiction and stays the proceedings until a proper substitution has been made pursuant to CPLR §1015(a)(Thomas v Rubin, 197 AD3d 1061 [1st Dept 2021]; see Feurtado v Page, 163 AD3d 926 [2d Dept 2018]; NYCTL 2004-A Trust v Archer, 131 AD3d 1213, 1214 [2d Dept 2015]; see generally Wilmington Savings Fund Society, FSB as Trustee of Residential Credit Opportunities Trust v. Lau, 227 AD3d 561 [1st Dept 2024]; CPLR §§1015, 1021). Moreover, any determination rendered without such substitution will generally be deemed a nullity (Erin Construction & Development, Co, Inc., v Hartford Services, Ltd., 176 AD3d 633 [1st Dept 2019]; see Fazilov v Acosta, 228 AD3d 910 [2d Dept 2024]; Vapnersh v Tabak, 131 AD3d 47 [2d Dept 2015]). The death of a party also generally terminates his or her attorney's authority to act on behalf of the deceased party (Snipes v Schmidt, 161 AD3d 670 [1st Dept 2018]; see Fazilov v Acosta, supra; Rumola v Maimonides Medical Center, 37 AD3d 696 [2d Dept 2007]; Vapnersh v Tabak, supra; compare Perez v. City of New York, 95 AD3d 675 [1st Dept 2012]); Reed v Grossi, 59 AD3d 509 [2d Dept 2009]).
CPLR §3216-Want of Prosecution
That part of the motion that seeks to dismiss the lawsuit based on a failure to prosecute pursuant to CPLR § 3216 is denied. CPLR §3216 requires that three conditions be fulfilled: (1) issue has been joined; (2) one year has elapsed from the joinder of issue; and (3) the court or a party has served a written demand that the plaintiff file a note of issue within 90 days. In addition, CPLR § 3216(a)(3) explicitly provides that:
"The court or party seeking such relief, as the case may be, shall have served a written demand by registered or certified mail requiring the party against whom such relief is sought to resume prosecution of the action and to serve and file a note of issue within ninety days after receipt of such demand . . . "
In this case, the plaintiff is deceased. As such, the action is stayed, and plaintiff's attorney is without authority to act on behalf of the deceased plaintiff in the lawsuit. At the moment, therefore, no one is empowered to respond to the Ninety (90) Day Notice or to this motion to protect the interests of plaintiff's estate. Hence, any determination dismissing the case pursuant to CPLR §3216 without a substitution would be a nullity. (Erin Construction & Development, Co., Inc., v Hartford Services, Ltd., supra). In any event, defendant fails to provide any proof that service of the Ninety (90) Day Notice was made upon plaintiff by registered or certified mail, as required by CPLR §3216(a)(3), and the motion is denied on said ground as well. Accordingly, the part of the motion that seeks to dismiss the action based on CPLR §3216 is denied.
CPLR §1021-Dismissal for Failure to Substitute
CPLR §1021 provides an exception to the principle that the Supreme Court is divested of jurisdiction to act during an automatic stay based on a party's death (Feurtado v Page, supra; Rumola v Maimonides Med. Ctr., supra).The statute provides that "if the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made." (CPLR §1021; see generally Strum v Bressler, 214 AD3d 465 [1st Dept 2023]).
In order to protect the interests of nonparties to the lawsuit, however, a motion to dismiss pursuant to CPLR §1021 must include notice of the motion not just to the parties to the action, but, in fact, notice must be given to all persons interested in the decedent's estate (Fazilov v Acosta; supra; Feurtado v Page, supra; Barnabas v Boodoo, 134 AD3d 970, 971-972 [2d Dept 2015]; Rumola v Maimonides Med. Ctr., supra). Specifically, the statute requires that:
"Whether or not it occurs before or after final judgment, if the event requiring substitution is the death of a party, and timely substitution has not been made, the court, before proceeding further, shall, on such notice as it may in its discretion direct, order the persons interested in the decedent's estate to show cause why the action or appeal should not be dismissed".
The Supreme Court must therefore first obtain jurisdiction over the persons interested in the decedent's estate by having nonparties served as prescribed in CPLR Article 3 (Gonzalez v Ford Motor Co., 295 AD2d 474 [2d Dept 2002]). Hence, a motion to dismiss made pursuant to CPLR §1021 must be served with notice to the "persons interested in the decedent's estate", and such notice is a jurisdictional prerequisite to the court's consideration of the motion to dismiss (Fazilov v Acosta, supra; Feurtado v Page, supra).
Accordingly, on this motion to dismiss based on the failure to prosecute under CPLR §1021, the court must ensure that the notice of the motion was served on all persons interested in the decedent's estate so that their interests may be protected (Gonzalez v Ford Motor Co., supra). This is best accomplished by bringing a CPRL §1021 motion in the form of an Order to Show Cause so that the appropriate methods of service on all of the necessary non-party individuals can be directed by the court. CPLR §308.
Here, defendant shows that a representative of the deceased plaintiff has not been substituted in the action within a reasonable time (for over a year) as is required by CPLR § 1021. See Bartel v. Farrell Lines, 215 AD3d 517 (1st Dep't 2023). The motion, however, is not by Order to Show Cause, and was only served on the deceased plaintiff's attorneys, who no longer have authority to represent plaintiff. Nowhere are the "persons with interest" in the deceased plaintiff's estate identified or shown to have been served with the motion. Since the persons interested in the decedent's estate have not been served with notice of the motion to dismiss, the motion must be denied. CPLR § 1021. 
Accordingly, it is hereby,
ORDERED that the part of the motion by defendant STADIUM CENTER LLC. (Seq. No. 1) that seeks an order, pursuant to CPLR § 3216, dismissing the complaint of plaintiff CARMEN SANTANA based on the failure to prosecute the action is denied with leave to renew when the stay is lifted; and it is further
ORDERED that the part of the motion by defendant (Seq. No. 1) that seeks an order, pursuant to CPLR §1021, dismissing the complaint based on the failure to substitute a representative for the deceased plaintiff within a reasonable time is denied with leave to renew by Order to Show Cause by October 1, 2024; and it is further
ORDERED that should defense counsel seek to renew the part of the motion that was made pursuant to CPLR §1021, said counsel shall include in such Order to Show Cause a list of names and contact information of all persons with an interest in the decedent's estate or, if none can be found, an affirmation of due diligence setting forth the efforts made by counsel to identify all individuals with an interest in the decedent's estate; and it is further
ORDERED that plaintiff's counsel shall upload to NYSCEF a redacted death certificate establishing plaintiff is deceased by September 15, 2024; and it is further
ORDERED that the Clerk shall mark the motion (Seq. No. 1) decided in all court records; and it is further
ORDERED that the Clerk shall mark the action stayed due to the death of a party.
This constitutes the decision and order of the Court.
Dated: August 9, 2024
HON. VERONICA G. HUMMEL, A.J.S.C.