Singh v Ventura (2025 NY Slip Op 50234(U))

[*1]

Singh v Ventura

2025 NY Slip Op 50234(U)

Decided on February 24, 2025

Civil Court Of The City Of New York, Queens County

Lane, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 24, 2025
Civil Court of the City of New York, Queens County

Jagjit Singh, Plaintiff,

against
Indira Ventura, Defendant.

Index No. CV-008228-20/QU

Defendant's Attorney:
Law Office of Michael Ferro & Associates
2 Huntington Quadrangle, Ste. 1N01
Melville, New York 11747
516-229-4234
Plaintiff's Attorney (former):
Eppinger, Reingold & Korder
131 Larchmont Avenue
PO Box 868
Larchmont, New York 10538
914-833-0500

Peter F. Lane, J.

The following numbered papers were read on this motion by the defendant for an order lifting the stay of this action and dismissing the complaint pursuant to CPLR § 1021
Papers Numbered
Notice of Motion, Affirmation, Exhibits, Service 1-4
Affirmation in Opposition, Exhibits, Service
Affirmation in Reply, Exhibits, Service
Upon the foregoing papers, it is ordered that this unopposed motion is determined as follows:
This action was commenced in March 2020 seeking property damages allegedly caused by defendant's negligent operation of a motor vehicle in April 2018 in Yonkers, New York. An answer to the complaint was not timely filed because, ostensibly, the parties chose to engage in informal settlement negotiations. Prior to the settlement being finalized, however, plaintiff died in May 2020.
In April 2022 the defendant moved to dismiss the complaint based upon plaintiff's failure to timely move for entry of a default (CPLR § 3215 [c]). The court stayed the action in October 2022 (Johnson, J.) since a proper party had not been substituted for the deceased plaintiff. Defendant now seeks dismissal of the complaint based upon plaintiff's failure to have an [*2]administrator appointed and substituted within a reasonable time (CPLR § 1021). The notice of motion was served upon plaintiff's former attorneys.
The service of the motion upon plaintiff's former attorneys is procedurally defective. The authority of the law firm representing plaintiff to act on behalf of their client terminated upon his death (see Gonzalez v Ford Motor Co., 295 AD2d 474, 475 [2d Dept 2002]; Macomber ex rel. Agne v Cipollina, 226 AD2d 435 [2d Dept 1996]). Furthermore, a motion to dismiss based upon the failure to seek timely appointment and substitution of a decedent's fiduciary must be made by order to show cause, rather than notice of motion, with court directed notice upon the "persons interested in the decedent's estate" (CPLR § 1021). Such notice is a jurisdictional prerequisite to the court's consideration of the motion (see Feurtado v Randy Page, 163 AD3d 926, 927 [2d Dept 2018]; Gonzalez v Ford Motor Co., 295 AD2d 474, 475 [2d Dept 2002]). Defendant is also required to demonstrate that sufficient research was conducted to locate decedent's heirs so that proper notice to those persons can be directed by the court (see e.g. Florentino v NYC Hous. Auth., 2024 NY Misc LEXIS 21381, *2 [Sup Ct, Queens County 2024]; Pena v Rucon Properties LLC, 19 Misc 3d 655 [Sup Ct, Bronx County 2005]).
None of the jurisdictional prerequisites were followed here and this court is divested of jurisdiction to conduct proceedings until a proper substitution is made (see CPLR 1015 & 1021; Matter of Einstoss, 26 NY2d 181 [1970]; Hayden v Brown, 230 AD3d 657, 658 [2d Dept 2024]; Danzig Fishman & Decea v Morgan, 123 AD3d 968 [2d Dept 2014]).
Accordingly, defendant's motion is denied.
This is the decision and Order of the Court. 
Date: February 24, 2025
Hon. Peter F. Lane, JCC