Rivera v River Loft Condominium (2025 NY Slip Op 04668)

Rivera v River Loft Condominium

2025 NY Slip Op 04668

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-02897
 (Index No. 505153/15)

[*1]Hector Rivera, appellant, 
v
River Loft Condominium, respondent.

Ginarte Gonzalez Winograd, LLP, New York, NY (Anthony F. DeStefano of counsel), for appellant.
Gallo Vitucci Klar LLP, New York, NY (C. Briggs Johnson, Sean Hughes, and James Drexler of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the appeal is from an order of the Supreme Court, Kings County (Kenneth P. Sherman, J.), dated February 1, 2024. The order granted the defendant's motion pursuant to CPLR 1021 to dismiss the complaint for failure to timely substitute a representative for the plaintiff.
ORDERED that the appeal is dismissed, without costs or disbursements.
In 2015, the plaintiff (hereinafter the decedent) commenced this action against the defendant to recover damages for personal injuries. The decedent died in 2017. In June 2018, the defendant moved pursuant to CPLR 1021 to dismiss the complaint for failure to timely substitute a representative for the decedent. In an order dated February 1, 2024, the Supreme Court granted the motion. A notice of appeal was filed purportedly on behalf of the decedent on February 2, 2024.
"The death of a party terminates his or her attorney's authority to act on behalf of the deceased party" (Vicari v Kleinwaks, 157 AD3d 975, 976). The decedent died after the commencement of this action, and no substitution was effected. Nevertheless, counsel that had represented the decedent prior to his death purportedly took this appeal on the decedent's behalf. Since counsel lacks the authority to act on the decedent's behalf, the appeal purportedly taken on the decedent's behalf must be dismissed (see Lee v Leeds, Morelli & Brown, P.C., 233 AD3d 1072, 1076; Constable v Staten Is. Univ. Hosp., 221 AD3d 952, 952; Hyman v Booth Mem. Hosp., 306 AD2d 438).
IANNACCI, J.P., MILLER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court