El Nems v Kai Liu (2025 NY Slip Op 51970(U))

[*1]

El Nems v Kai Liu

2025 NY Slip Op 51970(U)

Decided on December 5, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 5, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., LISA S. OTTLEY, JOANNE D. QUIÑONES, JJ

2023-883 Q C

Dimitri E. El Nems, Appellant,
against
Kai Liu, Talal Y. Farqui and Bangladesh Auto Repairs, Inc., Respondents. 

Sacco & Fillas, LLP (Malik E. Anderson of counsel), for appellant.
The Scahill Law Group, P.C. (Keri A. Wehrheim of counsel), for respondent Kai Liu.
White & McSpedon, P.C. (Irwen Abrams of counsel), for respondents Talal Farqui and Bangladesh Auto Repairs.

Appeal from an order of the Civil Court of the City of New York, Queens County (Claudia Lanzetta, J.), dated June 5, 2023. The order granted the motion by defendants Talal Y. Farqui and Bangladesh Auto Repairs, Inc., and the cross-motion by defendant Kai Liu, each seeking to dismiss the complaint insofar as asserted against them.

ORDERED that the appeal is dismissed and the order dated June 5, 2023 is vacated.
Plaintiff, Dimitri E. El Nems, commenced this action to recover for personal injuries sustained in a motor vehicle accident on December 3, 2013. El Nems died while the action was pending, and his attorney advised the Civil Court of the death by letter dated June 28, 2019. In December 2022, defendants Talal Y. Farqui and Bangladesh Auto Repairs, Inc. moved, and defendant Kai Liu cross-moved, to dismiss the complaint pursuant to CPLR 1021 for failure to seek a timely substitution for decedent. By order dated June 5, 2023, the Civil Court (Claudia Lanzetta, J.) granted the motion and cross- motion. A notice of appeal was filed purportedly on behalf of decedent.
"The death of a party terminates the authority of the attorney for that person to act on his or her behalf" (Hyman v Booth Mem. Hosp., 306 AD2d 438, 438 [2003]; see Hart v Blabey, 286 NY 75 [1941]; Constable v Staten Is. Univ. Hosp., 221 AD3d 952 [2023]). Since a substitution of parties had not been effected prior to the filing of the notice of appeal, decedent's counsel lacked the authority to act for the deceased plaintiff, and the purported appeal taken on behalf of the deceased plaintiff must be dismissed, as this court is without jurisdiction to hear and determine it (see Constable v Staten Is. Univ. Hosp.,221 AD3d 952; Kelly v St. Francis Hosp., 100 AD3d 707 [2012]; Timoner v North Shore Internal Medicine Assoc., 125 AD2d 300 [1986]).
CPLR 1021 is an exception to the principle that a trial court is divested of jurisdiction to [*2]act after the death of a party and prior to substitution (see Gonzalez v Ford Motor Co., 295 AD2d 474 [2002]). However, here, persons interested in decedent's estate were not provided with sufficient notice of the motion and cross-motion to dismiss the complaint pursuant to CPLR 1021 in order to give the Civil Court jurisdiction to entertain the motions (see CPLR 1021; Hyman v Booth Mem. Hosp., 306 AD2d 438). Consequently, the June 5, 2023 order is a nullity (see Lewis v Kessler, 12 AD3d 421 [2004]; Gonzalez v Ford Motor Co., 295 AD2d at 475; Weber v Bellinger, 124 AD2d 1009 [1986]) and must be vacated (see generally Lewis v Kessler, 12 AD3d 421; Thomas v Benedictine Hosp., 8 AD3d 781, 782 [2004]; Hyman v Booth Mem. Hosp., 306 AD2d 438; Gonzalez v Ford Motor Co., 295 AD2d 474; Weber v Bellinger, 124 AD2d 1009).
Accordingly, the appeal is dismissed and the June 5, 2023 order is vacated.
BUGGS, J.P., OTTLEY and QUIÑONES, JJ., concur.
ENTER:
Jennifer Chan
Acting Chief Clerk
Decision Date: December 5, 2025