■ LOUISE LEWIS, Appellant, v TROY KESSLER, as Administrator of the Estate of ROBERT MARGOLIS, Deceased, et al., Respondents. [784 NYS2d 574]—

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Patterson, J.), dated November 14, 2002, which granted the purported motion of the deceased defendant Robert Margolis to dismiss the complaint insofar as asserted against him pursuant to CPLR 1021 and granted the separate motion of the defendant Jordan S. Josephson for the same relief.

Ordered that on the Court's own motion, Troy Kessler, as the administrator of the estate of Robert Margolis, is substituted for the deceased defendant Robert Margolis, and the caption is amended accordingly; and it is further,

Ordered that the appeal from that portion of the order which granted the purported motion of the deceased defendant Robert Margolis is dismissed, and that portion of the order is vacated; and it is further,

Ordered that so much of the order as granted the motion of the defendant Jordan J. Josephson is reversed, on the law and as a matter of discretion, that motion is denied, and the complaint is reinstated insofar as asserted against that defendant; and it is further,

Ordered that one bill of costs is awarded to the appellant.

In view of the relatively brief delay on the part of the plaintiff (*see e.g. Rosenfeld v Hotel Corp. of Am.*, 20 NY2d 25 [1967]), and the absence of any showing that the delay prejudiced the defendant Jordan S. Josephson (*see Encalada v City of New*

*York,* 280 AD2d 578 [2001]), the Supreme Court improvidently exercised its discretion in granting Josephson's motion to dismiss the complaint insofar as asserted against him pursuant to CPLR 1021. We have not considered those claims raised by Josephson which are based on matter dehors the record (*see Credit-Based Asset Servicing & Securitization v Chaudry,* 304 AD2d 708 [2003]).

The appeal from that portion of the order which granted the purported motion of the deceased defendant Robert Margolis must be dismissed. Margolis died before the date of the purported motion and no letters of administration had been issued as of that date. Therefore, his attorneys lacked any authority to proceed in the action upon his death and that portion of the order which granted the purported motion by Margolis is a nullity and must be vacated (*see Oberlander v Levi,* 207 AD2d 437 [1994]). Santucci, J.P., Smith, Luciano and Adams, JJ., concur.