■ KATHLEEN RUBINO et al., Plaintiffs, v CHERYL A. KRASINSKI et al., Respondents, et al., Defendant. DONNA MARIE JACOBUS, Nonparty Appellant. [865 NYS2d 130]—

In a consolidated action, inter alia, to recover damages for medical malpractice and wrongful death, etc., Donna Marie Jacobus, as executrix of the estate of Kathleen Rubino and successor executrix of the estate of James Rubino, appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated May 18, 2007, which denied her motion to substitute herself as a party plaintiff in place of the deceased plaintiffs, to amend the caption accordingly, to lift the stay resulting from the death of Kathleen Rubino, and for a conference to establish a discovery schedule, and granted that branch of the cross mo-

tion of the defendants Lisa S. Moccio and Suzanne S. Moccio, as executors of the estate of Carmine G. Moccio, Toufic Safa, Tarek Absi, Sharon McGlaughlin, Ted James, Richard Bronzo, Gwen Harris, and North Shore University Hospital, that branch of the separate cross motion of the defendants Leonard J. Mondschein and Urology Associates, P.C., and that branch of the separate cross motion of the defendant Cheryl A. Krasinski, which were pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against each of them.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motion of Donna Marie Jacobus, as executrix of the estate of Kathleen Rubino and successor executrix of the estate of James Rubino, to substitute herself as a party plaintiff in place of the deceased plaintiffs, to amend the caption accordingly, to lift the stay resulting from the death of Kathleen Rubino, and for a conference to set a discovery schedule is granted, and those branches of the cross motions which were to dismiss the complaint insofar as asserted against each of the respondents are denied.

In view of the relatively brief delay on the part of the appellant in moving, inter alia, to substitute herself as a party plaintiff (*see Rosenfeld v Hotel Corp. of Am.*, 20 NY2d 25 [1967]), the absence of any showing that the delay prejudiced the respondents, and the strong public policy that matters should be disposed of on the merits (*see Johnson v Trivedi*, 41 AD3d 1259 [2007]; *Encalada v City of New York*, 280 AD2d 578 [2001]; *Egrini v Brookhaven Mem. Hosp.*, 133 AD2d 610 [1987]), the Supreme Court improvidently exercised its discretion in denying her motion and granting those branches of the respondents' cross motions which were to dismiss the complaint insofar as asserted against each of them pursuant to CPLR 1021 (*see Lewis v Kessler*, 12 AD3d 421 [2004]; *LaMacchia v Rogers*, 8 AD3d 346 [2004]). Lifson, J.P., Florio, Belen and Chambers, JJ., concur.