■ Danzig Fishman & Decea, Appellant, v William J. Morgan et al., Respondents. [997 NYS2d 326]—

In an action to recover unpaid legal fees, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Loehr, J.), dated December 4, 2012, as granted the defendants' motion to vacate an order of the same court dated March 26, 2012, which granted, without opposition, its motion for summary judgment and as, sua sponte, stayed all proceedings in the action in favor of a related action entitled *Morgan v Danzig, Fishman & Decea*, pending in the Supreme Court, Warren County, under index No. 2011/56315.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, stayed all proceedings in the action is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from, with costs.

"The death of a party divests the court of jurisdiction to conduct proceedings in an action, the action is stayed as to him

or her pending substitution of a legal representative, and any determination rendered without such a substitution is generally deemed a nullity" (*Stancu v Cheon Hyang Oh*, 74 AD3d 1322, 1322-1323 [2010]). Thus, the death of the defendant William J. Morgan triggered a stay of all proceedings in the action pending substitution of a legal representative. The Supreme Court's order dated March 26, 2012, granting the plaintiff's unopposed motion for summary judgment was therefore a nullity, as it was issued after Morgan's death and before the substitution of a legal representative (*see Matter of Vita V. [Cara B.]*, 100 AD3d 913, 914 [2012]; *Stancu v Cheon Hyang Oh*, 74 AD3d at 1322-1323; *Reed v Grossi*, 59 AD3d 509, 511 [2009]). Thus, after a representative for Morgan's estate was substituted in the action, the court properly granted the defendants' motion to vacate the order dated March 26, 2012.

Furthermore, the Supreme Court providently exercised its discretion in sua sponte staying all proceedings in this action in favor of the related action pending in the Supreme Court, Warren County (*see* CPLR 2201; *Corrado v Rubine*, 25 AD3d 748, 749 [2006]). Dillon, J.P., Dickerson, Austin and Cohen, JJ., concur.