■ ALLA VAPNERSH, Appellant, v IGOR TABAK, Defendant, and LEONID SHEKHMANYUK, Respondent. [15 NYS3d 131]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Richmond County (Minardo, J.), dated September 14, 2012, which, upon an order of the same court dated August 1, 2011, inter alia, denying those branches of her motion which were, in effect, pursuant to CPLR 5015 (a) (1) and (4) to vacate a prior order of the same court dated May 20, 2009, granting an unopposed motion pursuant to CPLR 1021 to dismiss the complaint, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is reversed, on the law, with one

bill of costs, that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 5015 (a) (4) to vacate the order dated May 20, 2009, is granted, the order dated May 20, 2009, is vacated, the order dated August 1, 2011, is modified accordingly, and the complaint is reinstated.

The plaintiff alleges that she was a passenger in a vehicle owned and operated by the defendant Leonid Shekhmanyuk when that vehicle was struck from behind by a vehicle owned and operated by the defendant Igor Tabak. The plaintiff commenced this action against the defendants to recover damages for personal injuries she allegedly sustained as a result of the accident. Tabak died shortly after this action was commenced.

Nearly three years after his death, no substitution of Tabak had been effected, and his former attorney moved, purportedly on behalf of Tabak, pursuant to CPLR 1021 to dismiss the complaint for failure to timely substitute a representative. The plaintiff failed to oppose the motion and, in an order dated May 20, 2009, the Supreme Court granted the motion upon the plaintiff's default and directed the dismissal of the complaint.

Subsequently, the plaintiff moved, inter alia, to vacate the order dated May 20, 2009, raising, as grounds to vacate, excusable default under CPLR 5015 (a) (1) and lack of jurisdiction under CPLR 5015 (a) (4). In an order dated August 1, 2011, the Supreme Court denied the plaintiff's motion. Thereafter, the court entered a judgment in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals from the judgment. The appeal from the judgment brings up for review the order dated August 1, 2011 (*see* CPLR 5501 [a] [1]; *see also Alam v Alam*, 123 AD3d 1066, 1066 [2014]; *J & J Alarcon Realty Corp. v Plantains Rest., Inc.*, 123 AD3d 886, 887 [2014]).

When a party seeking to vacate an order entered upon default seeks both a discretionary vacatur pursuant to CPLR 5015 (a) (1) and raises a jurisdictional objection under CPLR 5015 (a) (4), the jurisdictional question must be resolved before determining whether it is appropriate to grant discretionary vacatur of the default under CPLR 5015 (a) (1) (*see HSBC Bank USA, N.A. v Miller*, 121 AD3d 1044, 1045 [2014]; *Matter of Anna M. [Adam W.M.—Benjamin L.M.]*, 93 AD3d 671, 672-673 [2012]; *Roberts v Anka*, 45 AD3d 752, 753 [2007]).

" 'The death of a party divests the court of jurisdiction and stays the proceedings until a proper substitution has been made pursuant to CPLR 1015 (a). Moreover, any determination rendered without such substitution will generally be deemed a nullity' " (*JPMorgan Chase Bank, N.A. v Rosemberg*, 90 AD3d

713, 714 [2011], quoting *Singer v Riskin*, 32 AD3d 839, 839-840 [2006]; *see Danzig Fishman & Decea v Morgan*, 123 AD3d 968, 968-969 [2014]; *Stancu v Cheon Hyang Oh*, 74 AD3d 1322, 1323 [2010]). Furthermore, the death of a party terminates his or her attorney's authority to act on behalf of the deceased party (*see Lewis v Kessler*, 12 AD3d 421, 422 [2004]; *Horowitz v Griggs*, 2 AD3d 404, 406 [2003]; *Hyman v Booth Mem. Hosp.*, 306 AD2d 438 [2003]; *Gonzalez v Ford Motor Co.*, 295 AD2d 474, 475 [2002]; *Meehan v Washington*, 242 AD2d 286, 287 [1997]). Although the determination of a motion pursuant CPLR 1021 "made by the successors or representatives of a party or by any party" is an exception to a court's lack of jurisdiction upon the death of a party (*see Rumola v Maimonides Med. Ctr.*, 37 AD3d 696, 697 [2007]; *Hyman v Booth Mem. Hosp.*, 306 AD2d at 438; *Gonzalez v Ford Motor Co.*, 295 AD2d at 475), here, the motion pursuant to CPLR 1021 to dismiss the complaint was made by Tabak's former attorney, purportedly on behalf of Tabak. Since the former attorney lacked the authority to act, the Supreme Court lacked jurisdiction to consider the motion to dismiss, and the order dated May 20, 2009, granting the motion, was a nullity (*see Lewis v Kessler*, 12 AD3d at 422; *Horowitz v Griggs*, 2 AD3d at 406; *Hyman v Booth Mem. Hosp.*, 306 AD2d at 438). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 5015 (a) (4) to vacate the order dated May 20, 2009.

Moreover, since Tabak's former attorney also lacked authority to seek relief on behalf of Shekhmanyuk, the complaint should not have been dismissed insofar as asserted against Shekhmanyuk (*see* CPLR 1021). Rivera, J.P., Austin, Roman and Barros, JJ., concur.