Edward S. Raskin, Respondent, 
against
Jon Mayer, Appellant.



Appeal from an order of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered May 2, 2014, and from a judgment of the same court entered May 20, 2014. The order denied defendant's motion to, in effect, open his default in appearing on an adjourned trial date and dismiss the complaint or, in the alternative, to restore the action to the trial calendar. The judgment, entered on the default, awarded plaintiff the principal sum of $21,545.65.




ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the appeal from the judgment is dismissed, except insofar as it brings up for review the order entered May 2, 2014; and it is further,
ORDERED that the judgment, insofar as reviewed, is affirmed, without costs, without prejudice to defendant moving to vacate the default judgment upon proper papers.
In this action, plaintiff seeks to recover the principal sum of $21,545.65 in unpaid legal fees and disbursements. In his answer, defendant set forth a number of defenses, including lack of personal jurisdiction under CCA 404, and plaintiff's failure to comply with part 137 of the Rules of the Chief Administrator of the Courts (22 NYCRR), which requires an attorney who institutes an action to recover a fee to allege in the complaint: "(i) that the client received notice under this Part of the client's right to pursue arbitration and did not file a timely request for arbitration; or (ii) that the dispute is not otherwise covered by this Part" (Rules of Chief Admin of Cts [22 NYCRR] § 137.6 [b]). 
Both parties appeared for trial on January 6, 2014, but the trial was rescheduled for March 17, 2014 and was marked "final" for that date. On March 17, 2014, defendant failed to appear, whereupon the matter was referred to the inquest clerk. 
On March 28, 2014, defendant moved, in effect, to open his default and dismiss the complaint or, in the alternative, to restore the action to the trial calendar. By order entered May 2, 2014, the Civil Court denied defendant's motion, based both on his failure to serve a complete copy of the motion upon plaintiff, and on his failure to provide a sufficient excuse for his failure to appear in court on March 17, 2014. On May 20, 2014, a judgment was entered in favor of plaintiff in the principal sum of $21,545.65. Defendant appeals from the order entered May 2, 2014 and from the judgment.
Defendant's appeal from the intermediate order must be dismissed because the right of [*2]direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]). As no appeal lies from a judgment entered upon the default of the appealing party (see CPLR 5511), the appeal from the judgment is dismissed except insofar as it brings up for review the order denying defendant's contested motion (see Katz v Katz, 68 AD2d 536, 540-542 [1979]). 
In our opinion, the motion was properly denied, since it is undisputed that defendant failed to serve the supporting affidavit on plaintiff in advance of the court date (see CPLR 2214 [b]; see also Betke v Archwood Estates, 266 AD2d 328, 328-329 [1999]), and there is no basis in the record for concluding that plaintiff waived his objection to defendant's defective service of his motion.
With respect to the Civil Court's alternate basis for denying the motion, to wit, defendant's failure to provide a sufficient excuse for his failure to appear for trial, we note that, from the outset, defendant asserted jurisdictional objections to the action, which he stated again in his improperly served motion to vacate his default. To the extent that the court considered defendant's motion, his jurisdictional objections—which were made, in effect, pursuant to CPLR 5015 (a) (4) and were based on defendant's claim that he is a nonresident of the City of New York and his denial that any of the circumstances set forth in CCA 404 (a) (1) applied to him—should have been considered before the court ruled on defendant's request for a discretionary vacatur pursuant to CPLR 5015 (a) (1) (see Wells Fargo Bank, NA v Besemer, 131 AD3d 1047 [2015]; Vapnersh v Tabak, 131 AD3d 472, 473 [2015]; Cach, LLC v Anderson, 48 Misc 3d 136[A], 2015 NY Slip Op 51132[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
We reach no other issue.
Accordingly, the judgment is affirmed without prejudice to defendant moving to vacate the default judgment upon proper papers.
Weston, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: May 05, 2016