In an action to recover damages for personal injuries, the defendants Souleymane Diallo and Nevis Car & Limo Service, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated January 14, 2016, as denied their motion pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against them for failure to substitute a legal representative for the estate of the deceased plaintiff within a reasonable time.
 

 Ordered that the order is affirmed insofar as appealed from, with costs.
 

 This action was commenced on September 13, 2012, by Kenneth Dalyrymple (hereinafter the decedent), who alleged that he was injured while he was a passenger in a vehicle driven by the defendant Souleymane Diallo and owned by the defendant Nevis Car & Limo Service, Inc. (hereinafter together the defendants), when that vehicle came in contact with a vehicle owned and operated by the defendant Tarrence C. Canty. In March 2013, the decedent died from unrelated causes. Thereafter, in September 2014, the defendants moved pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against them on the ground that there had been no substitution of a legal representative for the decedent’s estate and the reasonable time to do so had expired. The Supreme Court, inter alia, denied the motion, and the defendants appeal.
 

 CPLR 1021 provides, in pertinent part, that “[i]f the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made.” The determination of reasonableness requires consideration of several factors, including the diligence of the party seeking substitution, prejudice to the other parties, and whether the party to be substituted has shown that the action or defense has potential merit (see Borruso v New York Methodist Hosp., 84 AD3d 1293, 1294 [2011]; Reed v Grossi, 59 AD3d 509, 511 [2009]; Bauer v Mars Assoc., 35 AD3d 333, 333-334 [2006]; McDonnell v Draizin, 24 AD3d 628, 628-629 [2005]).
 

 Here, the record does not support the defendants’ contentions that there was a lack of diligence in the substitution of an administrator, or that they were prejudiced by the delay in the appointment of the administrator (see Public Adm’r v Levine, 142 AD3d 467, 468-469 [2016]; Wynter v Our Lady of Mercy Med. Ctr., 3 AD3d 376, 378 [2004]; see also Foley v Foley, 151 AD3d 1018, 1018 [2017]). Moreover, there is a strong public policy that matters should be disposed of on the merits (see e.g. Largo-Chicaiza v Westchester Scaffold Equip. Corp., 90 AD3d 716, 717 [2011]; Reed v Grossi, 59 AD3d at 511-512; Rubino v Krasinski, 54 AD3d 1016, 1017 [2008]; Lewis v Kessler, 12 AD3d 421, 421-422 [2004]; Encalada v City of New York, 280 AD2d 578, 579 [2001]; Egrini v Brookhaven Mem. Hosp., 133 AD2d 610 [1987]). Accordingly, the Supreme Court properly denied the defendants’ motion to dismiss the complaint insofar as asserted against them (see Largo-Chicaiza v Westchester Scaffold Equip. Corp., 90 AD3d at 717; Egrini v Brookhaven Mem. Hosp., 133 AD2d at 610; see also Reed v Grossi, 59 AD3d at 511-512; Rubino v Krasinski, 54 AD3d at 1017; Lewis v Kessler, 12 AD3d at 421-422; Encalada v City of New York, 280 AD2d at 579).
 

 The parties’ remaining contentions are not properly before this Court or need not be reached in light of our determination (see Gairy v 3900 Harper Ave., LLC, 146 AD3d 938, 939 [2017]; Alejandro v North Tarrytown Realty Assoc., 129 AD3d 749, 750 [2015]).
 

 Balkin, J.P., Hinds-Radix, Duffy and Connolly, JJ., concur.