Vicari v Kleinwaks (2018 NY Slip Op 00576)





Vicari v Kleinwaks


2018 NY Slip Op 00576


Decided on January 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2015-02576
 (Index No. 5407/99)

[*1]Natalie Vicari, et al., appellants, 
v
Robert J. Kleinwaks, et al., respondents.


Bern Ripka, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for appellants.
Dwyer & Taglia, New York, NY (Gary J. Dwyer of counsel), for respondent Robert J. Kleinwaks.
Vincent D. McNamara, East Norwich, NY (Helen M. Benzie of counsel), for Thomas V. Venice.
Kayfman Borgeest & Ryan LLP, Valhalla, NY (Edward J. Guardaro, Jr., of counsel), for respondent TLC Medical Services, P.C.
Hoffman, Roth & Matlin, LLP, New York, NY (William Matlin of counsel), for respondent Robert K. Health Care Management, Inc., doing business as Roslyn Health and Wellness Center.
Ivone, Devine & Jensen, LLP, Lake Success, NY (Robert Devine of counsel), for respondent Hadassah Orenstein.



DECISION & ORDER
In an action, inter alia, to recover damages for chiropractic malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated December 10, 2014, as granted the separate motions of the defendants Robert J. Kleinwaks, TLC Medical Services, P.C., Robert K. Health Care Management, Inc., doing business as Roslyn Health and Wellness Center, and Hadassah Orenstein, and the motion purportedly made on behalf of the deceased defendant Thomas V. Venice, pursuant to CPLR 1021 to dismiss the complaint in its entirety for failure to timely substitute a representative for the deceased defendant Thomas V. Venice, and denied those branches of the plaintiffs' cross motion which were to appoint a representative for the deceased defendant Thomas V. Venice and, upon appointment, substitute the representative for Thomas V. Venice as a defendant.
ORDERED that the appeal from so much of the order as granted the motion purportedly made on behalf of the deceased defendant Thomas V. Venice is dismissed, and that portion of the order is vacated; and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof [*2]granting the separate motions of the defendants Robert J. Kleinwaks, TLC Medical Services, P.C., Robert K. Health Care Management, Inc., doing business as Roslyn Health and Wellness Center, and Hadassah Orenstein pursuant to CPLR 1021 to dismiss the complaint in its entirety for failure to timely substitute a representative for the deceased defendant Thomas V. Venice, and substituting therefor a provision granting those separate motions only to the extent of dismissing the complaint insofar as asserted against the deceased defendant Thomas V. Venice, and otherwise denying those separate motions; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.
On March 11, 1999, the plaintiffs commenced this action, inter alia, to recover damages for chiropractic malpractice based on chiropractic services rendered in 1998. On February 14, 2001, the plaintiffs filed a note of issue and certificate of readiness. On June 5, 2002, the action was marked "stayed" by the Supreme Court. On January 21, 2005, the former counsel of the defendant Thomas V. Venice (hereinafter the decedent), who had been retained by the decedent's insurance carrier, notified the Supreme Court and the parties that the decedent had died on March 8, 2004. Despite some belated effort by the plaintiffs' counsel, no representative of the decedent's estate has been appointed. In the order appealed from, the Supreme Court, among other things, granted the separate motions of the defendants pursuant to CPLR 1021 to dismiss the complaint in its entirety based upon the plaintiffs' failure to timely substitute a representative for the decedent, and denied those branches of the plaintiffs' cross motion which were to appoint a representative of the decedent's estate and, upon appointment, substitute the representative for the decedent as a defendant. We modify.
"The death of a party divests the court of jurisdiction and stays the proceedings until a proper substitution has been made pursuant to CPLR 1015(a). Moreover, any determination rendered without such substitution will generally be deemed a nullity" (Vapnersh v Tabak, 131 AD3d 472, 473 [internal quotation marks and citations omitted]). The death of a party terminates his or her attorney's authority to act on behalf of the deceased party (see id. at 474; Lewis v Kessler, 12 AD3d 421, 422). Although the determination of a motion pursuant to CPLR 1021 made by the successors or representatives of a party or by any party is an exception to a court's lack of jurisdiction, here, one of the motions pursuant to CPLR 1021 was made by the former attorney for the decedent purportedly on behalf of the decedent. Since the former attorney lacked the authority to act, the Supreme Court lacked jurisdiction to consider that motion to dismiss (see Vapnersh v Tabak, 131 AD3d at 474; Lewis v Kessler, 12 AD3d at 422). Accordingly, so much of the order as granted the motion purportedly made on behalf of the decedent is a nullity.
Nonetheless, the Supreme Court had jurisdiction to consider the other defendants' separate motions to dismiss pursuant to CPLR 1021 and to consider the plaintiffs' cross motion. CPLR 1021 provides, in pertinent part, that "[i]f the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made, however, such dismissal shall not be on the merits unless the court shall so indicate" (emphasis added; see Terpis v Regal Hgts. Rehabilitation & Health Care Ctr., Inc., 108 AD3d 618, 619; Borruso v New York Methodist Hosp., 84 AD3d 1293, 1294). CPLR 1021 also provides, in pertinent part, that "if the event requiring substitution is the death of a party, and timely substitution has not been made, the court, before proceeding further, shall, on such notice as it may in its discretion direct, order the persons interested in the decedent's estate to show cause why the action or appeal should not be dismissed." The latter provision is intended to provide special protection for the estate of a deceased plaintiff where the opponent seeks dismissal of the action based on the estate's failure to make timely substitution (see Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C1021:2).
Here, the Supreme Court providently exercised its discretion in determining that substitution of the decedent was not made within a reasonable time. As such, the court providently exercised its discretion in denying those branches of the plaintiffs' cross motion which were to appoint a representative for the decedent and, upon appointment, substitute the representative for the decedent as a defendant. Given that substitution was not made within a reasonable time, dismissal [*3]of the complaint as against the decedent, "the party for whom substitution should have been made" (CPLR 1021), was proper. However, contrary to the court's determination, CPLR 1021 did not authorize dismissal of the complaint as against any of the other defendants.
CHAMBERS, J.P., COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court