Tokar v Weissberg (2018 NY Slip Op 05516)





Tokar v Weissberg


2018 NY Slip Op 05516


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2016-07850
 (Index No. 24952/04)

[*1]Patricia Tokar, plaintiff, 
v
David J. Weissberg, etc., respondent; Stanley Tokar, as administrator of the estate of Patricia Tokar, deceased, nonparty-appellant.


Asher & Associates, P.C. (Annette G. Hasapidis, South Salem, NY, of counsel), for nonparty-appellant.
Kerley, Walsh, Matera & Cinquemani, P.C., Seaford, NY (Lauren B. Bristol of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, etc., nonparty Stanley Tokar, as administrator of the estate of Patricia Tokar, deceased, appeals from a judgment of the Supreme Court, Suffolk County (William B. Rebolini, J.), entered June 22, 2016. The judgment dismissed the complaint. The appeal brings up for review an order of the same court dated March 28, 2016, which, upon reargument, adhered to a prior determination of the same court in an order dated October 5, 2015, denying the motion of nonparty Stanley Tokar, as administrator of the estate of Patricia Tokar, deceased, to be substituted as the party plaintiff in the action and to amend the caption accordingly, and granting the defendant's motion to dismiss the complaint pursuant to CPLR 1021 for failure to seek a timely substitution of parties on behalf of Patricia Tokar, deceased.
ORDERED that on the Court's own motion, the notice of appeal dated July 20, 2016, is deemed to be a notice of appeal by nonparty Stanley Tokar, as administrator of the estate of Patricia Tokar, deceased (see CPLR 2001; Matter of Tagliaferri v Weiler, 1 NY3d 605); and it is further,
ORDERED that the judgment is reversed, on the law, with costs, the orders dated October 5, 2015, and March 28, 2016, are vacated, the defendant's motion to dismiss the complaint pursuant to CPLR 1021 for failure to seek a timely substitution of parties on behalf of Patricia Tokar, deceased, is denied, the motion by nonparty Stanley Tokar, as administrator of the estate of Patricia Tokar, deceased, to be substituted as the party plaintiff in the action and to amend the caption accordingly is granted, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.
In October 2004, Patricia Tokar (hereinafter Patricia) commenced this action to recover damages for medical malpractice based upon treatment she received from 2000 to 2002. Patricia's deposition was taken in September 2006 and again in August 2009, while the defendant's deposition was taken in April 2008. A note of issue was filed in December 2009. The matter was called for trial on 12 separate occasions between 2011 and 2012. By letter dated October 19, 2012, Patricia's attorney informed the defendant's attorney that Patricia had died two weeks before, and that her husband, Stanley Tokar (hereinafter Stanley), would be seeking to be appointed administrator of Patricia's estate after he completed his mourning period. In October 2014, Stanley filed a petition for letters of administration of Patricia's estate. By order to show cause dated May 12, 2015, the defendant moved pursuant to CPLR 1021 to dismiss the complaint for failure to seek [*2]a timely substitution of parties on behalf of Patricia. On June 5, 2015, letters of administration were issued to Stanley, who then moved, seven days later, on June 12, 2015, pursuant to CPLR 1012, to be substituted, as administrator of Patricia's estate, as the plaintiff in the action. The Supreme Court denied Stanley's motion and granted the defendant's motion, a determination the court later adhered to upon reargument. A judgment was entered thereon on June 22, 2016. Stanley appeals.
CPLR 1021 provides, in pertinent part, that "[i]f the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made." The determination of reasonableness requires consideration of several factors, including the diligence of the party seeking substitution, prejudice to the other parties, and whether the party to be substituted has shown that the action or defense has potential merit (see White v Diallo, 156 AD3d 664, 665; Terpis v Regal Hgts. Rehabilitation & Health Care Ctr., Inc., 108 AD3d 618, 619; Rubino v Krasinski, 54 AD3d 1016, 1017; Johnson v Trivedi, 41 AD3d 1259, 1260; Bauer v Mars Assoc., 35 AD3d 333).
Here, the record does not support a finding that there was a lack of diligence in the filing of the petition for Stanley to be substituted, or that the defendant was prejudiced by the delay in the appointment of Stanley as administrator, particularly since this case turns on medical records in the defendant's possession (see White v Diallo, 156 AD3d at 665; Public Adm'r v Levine, 142 AD3d 467; Peters v City of N.Y. Health & Hosps. Corp., 48 AD3d 329; Wynter v Our Lady of Mercy Med. Ctr., 3 AD3d 376). Further, Stanley sufficiently demonstrated that the action has potential merit (see Terpis v Regal Hgts. Rehabilitation & Health Care Ctr., Inc., 108 AD3d at 619). Moreover, there is a strong public policy that matters should be disposed of on the merits (see White v Diallo, 156 AD3d at 665; Reed v Grossi, 59 AD3d 509, 511). Accordingly, the Supreme Court, upon reargument, should have denied the defendant's motion and granted Stanley's motion.
BALKIN, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court