Medlock v Dr. William O. Benenson Rehabilitation Pavilion (2018 NY Slip Op 08922)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Medlock v Dr. William O. Benenson Rehabilitation Pavilion

2018 NY Slip Op 08922

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2016-00949
(Index No. 18225/05)

[*1]Louise Medlock, plaintiff, 
vDr. William O. Benenson Rehabilitation Pavilion, et al., defendants, Rehab Alternatives, PLLC, respondent; Elaine McCray, etc., nonparty-appellant.

Michael A. Cervini, Elmhurst, NY, for nonparty-appellant.
Tromello, McDonnell & Kehoe, Melville, NY (James S. Kehoe and Robert D. Martin of counsel), for respondent.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, nonparty Elaine McCray, as administratrix of the estate of Louise Medlock, appeals from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered June 4, 2015. The order, insofar as appealed from, (1) denied those branches of the motion of nonparty Elaine McCray, as administratrix of the estate of Louise Medlock, which were pursuant to CPLR 1015 for leave to substitute her as the plaintiff in this action, and thereupon to restore the action to active status, and (2) directed dismissal of the action pursuant to CPLR 3404.
ORDERED that on the Court's own motion, the notice of appeal dated January 6, 2016, is deemed to be a notice of appeal by nonparty Elaine McCray, as administratrix of the estate of Louise Medlock (see CPLR 2001; Matter of Tagliaferri v Weiler, 1 NY3d 605); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof directing dismissal of the action pursuant to CPLR 3404; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In August 2005, the plaintiff commenced this action against the defendant Dr. William O. Benenson Rehabilitation Pavilion (hereinafter the Pavilion) in the Supreme Court, Queens County, to recover damages for personal injuries. In February 2007, the plaintiff commenced a separate action against Rehab Alternatives, PLLC (hereinafter Rehab), and another defendant in the Supreme Court, Kings County, to recover damages for personal injuries arising out of the same incident underlying the Queens County action. Pursuant to a so-ordered stipulation dated April 23, 2007, and an order of the Supreme Court, Queens County, dated May 15, 2008, the Kings County action was consolidated with the Queens County action, and the Supreme Court, Queens County, directed that the file pertaining to the Kings County action be transferred to the Supreme Court, Queens County. The Kings County file was not transferred to the Supreme Court, Queens County, until February 2013.
The plaintiff settled with the Pavilion in September 2007. The plaintiff and Rehab [*2]continued to conduct discovery in the Queens County action, and eventually, the plaintiff filed a note of issue. The parties appeared for trial in the Supreme Court, Queens County, on March 6, 2009. The plaintiff was not ready to proceed. The note of issue was stricken and the action was removed from the trial calendar.
In June 2009, the plaintiff moved to restore the action to active status, but before the motion was determined, the plaintiff died on July 22, 2009. The Queens County Surrogate issued letters of limited administration to the plaintiff's daughter, Elaine McCray, dated August 18, 2011. Thereafter, in March 2012, the plaintiff's counsel submitted a motion in the Supreme Court, Kings County, for leave to substitute the plaintiff's daughter, as administratrix of the plaintiff's estate, as the plaintiff in this action. In an order dated April 24, 2013, the Supreme Court, Kings County, denied the motion on the basis that the Kings County action had been transferred to Queens County, and directed the transfer of the file to the Supreme Court, Queens County.
In October 2014, the plaintiff's counsel submitted a motion in the Supreme Court, Queens County, on behalf of the plaintiff's daughter, pursuant to CPLR 1015 for leave to substitute the plaintiff's daughter, as administratrix of the plaintiff's estate, as the plaintiff in the Queens County action, and thereupon, to restore the action to active status. In the order appealed from, the Supreme Court denied the motion and directed dismissal of this action pursuant to CPLR 3404.
"The death of a party divests the court of jurisdiction and stays the proceedings until a proper substitution has been made pursuant to CPLR 1015(a)" (Vapnersh v Tabak, 131 AD3d 472, 473 [internal quotation marks omitted]; see Lambert v Estren, 126 AD3d 942, 943; Neuman v Neumann, 85 AD3d 1138, 1139). "[A]ny determination rendered without such a substitution is generally deemed a nullity" (Stancu v Cheon Hyang Oh, 74 AD3d 1322, 1323; see Danzig Fishman & Decea v Morgan, 123 AD3d 968, 968-969).
CPLR 1021 provides, in part, that "[a] motion for substitution may be made by the successors or representatives of a party or by any party." Although a determination rendered without such substitution will generally be deemed a nullity, determinations regarding substitution pursuant to CPLR 1021 are a necessary exception to the general rule, and the court does not lack jurisdiction to consider such a motion (see Barnabas v Boodoo, 134 AD3d 970, 972; Vapnersh v Tabak, 131 AD3d at 474). Here, the Supreme Court had jurisdiction to consider those branches of the motion which were pursuant to CPLR 1015 for leave to substitute the plaintiff's daughter as the plaintiff and, upon substitution, to restore the action thereafter (see CPLR 1021). On the merits, we agree with the court's determination to deny those branches of the motion given the failure to provide any detailed excuse for the delay in seeking substitution, the failure to include an affidavit of merit demonstrating that the claim against Rehab was potentially meritorious, and the failure to rebut Rehab's claim of prejudice stemming from the delay (see Alejandro v North Tarrytown Realty Assoc., 129 AD3d 749, 749-750; Terpis v Regal Hgts. Rehabilitation & Health Care Ctr., Inc., 108 AD3d 618, 619).
However, since the plaintiff's death triggered a stay of all proceedings in the action pending substitution of a legal representative (see NYCTL 2004-A Trust v Archer, 131 AD3d 1213, 1214; Danzig Fishman & Decea v Morgan, 123 AD3d at 968), the Supreme Court should not have directed dismissal of the action pursuant to CPLR 3404, as the order was issued after the plaintiff's death and in the absence of any substitution of a legal representative (see American Airlines Fed. Credit Union v Costello, 161 AD3d 819, 820; Danzig Fishman & Decea v Morgan, 123 AD3d at 969; Commerce Commercial Leasing, LLC v PIO Enters., Inc., 78 AD3d 1105, 1106; Coverdale v Zucker, 302 AD2d 348).
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court