Fazilov v Acosta (2024 NY Slip Op 03470)

Fazilov v Acosta

2024 NY Slip Op 03470

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
LAURENCE L. LOVE, JJ.

2022-01146
 (Index No. 506819/16)

[*1]Shukhrat Fazilov, appellant, 
v
Monserrate Acosta, defendant.

Frekhtman & Associates (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for appellant.
James F. Butler, Jericho, NY (Nancy S. Goodman of counsel), former attorney for Monserrate Acosta.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated February 3, 2022. The order granted the motion purportedly made on behalf of the deceased defendant, inter alia, pursuant to CPLR 1021 to dismiss the complaint for failure to timely substitute a representative for the deceased defendant and denied the plaintiff's cross-motion, among other things, pursuant to CPLR 1021 to substitute the deceased defendant's daughter as a representative for the deceased defendant.
ORDERED that the appeal from so much of the order as granted the motion purportedly made on behalf of the deceased defendant, inter alia, pursuant to CPLR 1021 to dismiss the complaint for failure to timely substitute a representative for the deceased defendant is dismissed, without costs and disbursements, and that portion of the order is vacated; and it is further,
ORDERED that the order is modified, on the law, by adding thereto a provision stating that the plaintiff's cross-motion, among other things, pursuant to CPLR 1021 to substitute the deceased defendant's daughter as a representative for the deceased defendant is denied "with leave to renew upon service on persons interested in the estate of Monserrate Acosta, deceased"; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries allegedly sustained in a motor vehicle accident against Monserrate Acosta (hereinafter the decedent). After answering the complaint, the decedent died in June 2017. In December 2018, the plaintiff was sent a copy of the decedent's death certificate.
Thereafter, the plaintiff moved, among other things, to substitute the decedent's attorneys for the decedent. In November 2019, the Supreme Court denied the motion and directed the plaintiff to proceed to the Surrogate's Court to have an administrator appointed.
In March 2021, the decedent's former attorneys moved, inter alia, pursuant to CPLR 1021 to dismiss the complaint based upon the plaintiff's failure to timely substitute a representative for the decedent. The plaintiff opposed and cross-moved, among other things, pursuant to CPLR 1021 to substitute the decedent's daughter as a representative for the decedent. The Supreme Court [*2]granted the motion purportedly made on the decedent's behalf and denied the plaintiff's cross-motion. The plaintiff appeals.
"The death of a party divests the court of jurisdiction and stays the proceedings until a proper substitution has been made pursuant to CPLR 1015(a). Moreover, any determination rendered without such substitution will generally be deemed a nullity" (Vapnersh v Tabak, 131 AD3d 472, 473 [internal quotation marks omitted]; see Vicari v Kleinwaks, 157 AD3d 975, 976). "The death of a party terminates his or her attorney's authority to act on behalf of the deceased party" (Vicari v Kleinwaks, 157 AD3d at 976). Although the determination of a motion pursuant to CPLR 1021 made by the successors or representatives of a party or by any party is an exception to a court's lack of jurisdiction, here, the motion, inter alia, pursuant to CPLR 1021 to dismiss the complaint was made by the former attorneys for the decedent purportedly on behalf of the decedent. Since the former attorneys lacked the authority to act, the Supreme Court lacked jurisdiction to consider the motion (see Vicari v Kleinwaks, 157 AD3d at 977; Vapnersh v Tabak, 131 AD3d at 474). Accordingly, so much of the order as granted the motion purportedly made on behalf of the decedent is a nullity.
Further, any motion pursuant to CPLR 1021 requires that notice be provided to persons interested in the decedent's estate (see Feurtado v Page, 163 AD3d 926; Barnabas v Boodoo, 134 AD3d 970, 971-972). Here, the plaintiff failed to provide notice to persons interested in the decedent's estate. Accordingly, the Supreme Court should have denied the plaintiff's cross-motion with leave to renew upon service on persons interested in the decedent's estate.
The plaintiff's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., MILLER, MALTESE and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court