Abdullaev v Cristian (2024 NY Slip Op 50944(U))

[*1]

Abdullaev v Cristian

2024 NY Slip Op 50944(U)

Decided on July 22, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 22, 2024
Supreme Court, Kings County

Ikrom Abdullaev, Plaintiff,

against
Noula Cristian, ELVIRA FAKHRIEVA, HARRY PECH and ABCO EXTERMINATING CORP., Defendants.

Index No. 3373/2017

Law Office of Gilbert, McGinnis &Liferiedge, White Plains (Kevin A. Cuneo-Tomasi of counsel), for Defendant Harry Pech.
Cheven, Keely & Hatzis, New York City (Eugene Neporanny of counsel), for Defendants Noula Cristian and Elvira Fakhrieva.

Aaron D. Maslow, J.

The following numbered papers were read on this motion: NYSCEF Doc Nos. 33-41.
Submitted by Defendant
NYSCEF Doc No. 33: Order to Show Cause (Proposed)
NYSCEF Doc No. 34: Affirmation of Giovanna Condello in Support
NYSCEF Doc No. 35: Certificate of Compliance
NYSCEF Doc No. 36: Exhibit A — Summons & Complaint, Answers
NYSCEF Doc No. 37: Exhibit B — Joint Trial Order
NYSCEF Doc No. 38: Exhibit C — Letter to Court
NYSCEF Doc No. 39: Affirmation of Service
NYSCEF Doc No. 41: Order to Show Cause, Conformed Copy
Filed by Court
NYSCEF Doc No. 40: Order to Show Cause, Signed
I. Question Presented
The issue is whether Defendant Harry Pech's attorney has standing to bring a motion for to dismiss the instant action because Pech passed away.
II. Background
Defendant Harry Pech was involved in a motor vehicle accident on September 11, 2015, where Plaintiff allegedly sustained injuries. Defendant Pech, however, passed away for reasons unrelated to the motor vehicle accident, before a judgement was made. A death certificate was filed on August 1, 2022, by Pech's attorney, who reached out to the Court with the information and requested that the lawsuit be marked as stayed pending the appointment of an administrator for Pech's estate. (See generally NYSCEF Doc No. 38, letter & death certificate.)
Plaintiff seeks to continue the motor vehicle lawsuit, but Defendant Pech's attorney now seeks to dismiss the action.[FN1]
Defendant Pech's attorney filed the current motion pursuant to CPLR § 1021, due to a failure by Plaintiff to have a proper substitute appointed for the deceased Defendant Pech within a reasonable time. (See generally NYSCEF Doc Nos. 34, Condello aff.)
III. Discussion
"The death of a party divests the court of jurisdiction and stays the proceedings until a proper substitution has been made pursuant to CPLR 1015(a). Moreover, any determination rendered without such substitution will generally be deemed a nullity." (Vicari v Kleinwaks, 157 AD3d 975, 976 [2d Dept 2018], citing Vapnersh v Tabak, 131 AD2d 427, 473 [2d Dept 2015].) "The death of a party terminates his or her attorney's authority to act on behalf of the deceased party" (Vicari, 157 AD3d at 976; see Lewis v Kessler, 12 AD3d 421, 422 [2d Dept 2004]).
Furthermore, "CPLR 1021 provides . . . that '[i]f the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution have been made, however, such dismissal shall not be on the merits unless the court shall so indicate" (Vicari, 157 AD3d at 977, citing Terpis v Regal Hgts. Rehabilitation & Health Ctr. Inc., 108 AD3d 618, 968 [2d Dept 2013]; Borruso v [*2]New York Methodist Hosp., 84 AD3d 1293, 1294 [2d Dept 2011]). CPLR 1021 also provides that "if the event requiring substitution is the death of a party, and timely substitution has not been made, the court, before proceeding further, shall, on such notice as it may in its discretion direct, order the person's interested in the decedents' estate to show cause why the action or appeal should not be dismissed" (Vicari, 157 AD3d at 977).
In this motion by Defendant Pech's attorney to dismiss the Plaintiff's action, the attorney argues that Plaintiff failed to have a proper substitution appointed for the deceased Defendant despite two years having passed since his death. Defendant also argues that the lack of action taken by Plaintiff is burdensome and extremely prejudicial.
A party's motion to dismiss due to a plaintiff's failure to have a deceased defendant substituted for would be proper in accordance with CPLR § 1021. The person substituted could be the executor or administrator of the decedent's estate. It could also be someone appointed by the Supreme Court as a temporary administrator, even an attorney (see Sfouggatakis v Budget Truck Rental, LLC, 82 Misc 3d 1201[A], 2024 NY Slip Op 50214[U] [Sup Ct, Kings County 2024]).
The appointment of a substitute for a deceased party must be made within an appropriate amount of time. However, Defendant Pech's attorney lacks authority to file a motion on behalf of him as "the death of a party terminates his or her attorney's authority to act on behalf of the deceased party" (Vicari, 157 AD3d at 976; see Lewis, 12 AD3d at 422). Due to Defendant Pech's attorney's losing the privilege of representing Pech in court, he no longer has the authority to file a motion. The Court therefore has no jurisdiction to consider this motion due to the lack of standing (see Vicari, 157 AD3d at 977). Meanwhile, this action remains stayed. In order for the Court to have jurisdiction over a motion to dismiss in this case, either it must be made by an attorney for a living defendant or an attorney for a substitute for the deceased Defendant Pech.
IV. Conclusion
Accordingly, IT IS HEREBY ORDERED that the within motion to dismiss made by former counsel for deceased Defendant Harry Pech is DENIED in its entirety.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:While the attorney is described as "Defendant Pech's attorney," the attorney is Pech's former counsel, since Pech is no longer alive. More realistically, the attorney, in moving to dismiss, is actually representing the interests of the insurance company which is providing indemnification for Pech, including legal representation.