Pepino v Dooley (2025 NY Slip Op 03831)

Pepino v Dooley

2025 NY Slip Op 03831

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2024-02134 
2024-02136
 (Index No. 605397/20)

[*1]Laurence Pepino, plaintiff, 
v
Coleen A. Dooley, defendant; Jean Hazard, as administrator of the estate of Laurence Pepino, deceased, nonparty-appellant.

Winkler Kurtz, LLP, Port Jefferson Station, NY (Jason W. Hake of counsel), for nonparty-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, nonparty Jean Hazard, as administrator of the estate of Laurence Pepino, deceased, appeals from (1) an order of the Supreme Court, Suffolk County (C. Stephen Hackeling, J.), dated July 26, 2023, and (2) an order of the same court dated November 28, 2023. The order dated July 26, 2023, denied the unopposed motion purportedly made on behalf of Laurence Pepino to substitute nonparty Jean Hazard, as administrator of the estate of Laurence Pepino, deceased, as the party plaintiff in place of Laurence Pepino. The order dated November 28, 2023, denied the unopposed motion of nonparty Jean Hazard, as administrator of the estate of Laurence Pepino, deceased, to substitute herself as the party plaintiff in place of Laurence Pepino and to amend the caption accordingly.
ORDERED that the appeal from the order dated July 26, 2023, is dismissed, as nonparty Jean Hazard, as administrator of the estate of Laurence Pepino, deceased, is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the order dated November 28, 2023, is reversed, on the law, without costs or disbursements, and the motion of nonparty Jean Hazard, as administrator of the estate of Laurence Pepino, deceased, to substitute herself as the party plaintiff in place of Laurence Pepino and to amend the caption accordingly is granted.
The plaintiff, Laurence Pepino (hereinafter the decedent), commenced this action to recover damages for personal injuries he allegedly suffered in a rear-end motor vehicle accident. The decedent died on April 25, 2022, during the pendency of the action. By notice of motion dated May 1, 2023, the decedent's former attorney moved, purportedly on behalf of the decedent, to substitute nonparty Jean Hazard, as administrator of the estate of Laurence Pepino, deceased, as the party plaintiff in place of the decedent. In an order dated July 26, 2023, the Supreme Court denied the motion. Subsequently, a second motion was made to substitute nonparty Jean Hazard, as administrator of the estate of Laurence Pepino, deceased, as the party plaintiff in place of the decedent. In an affirmation in support of the motion, the attorney affirmed that his law firm had been retained by Hazard to prosecute the action on behalf of the decedent's estate. In an order dated November 28, 2023, the court denied the motion, determining that there was insufficient evidence of the attorney's authority to act on Hazard's behalf and that there was no indication that Hazard had [*2]been properly served with the motion. Hazard appeals.
"The death of a party divests the court of jurisdiction and stays the proceedings until a proper substitution has been made pursuant to CPLR 1015(a)" (Singer v Riskin, 32 AD3d 839, 839-840; see CitiMortgage, Inc. v Clement, 209 AD3d 971, 972; JPMorgan Chase Bank, N.A. v Rosemberg, 90 AD3d 713, 714). The death of a party also terminates the attorney's authority to act on behalf of the deceased party (see Vapnersh v Tabak, 131 AD3d 472, 474; Lewis v Kessler, 12 AD3d 421, 422).
Pursuant to CPLR 1021, "[a] motion for substitution may be made by the successors or representatives of a party or by any party." "A motion for substitution pursuant to CPLR 1021 is the method by which the court acquires jurisdiction" over a deceased party's personal representative or successor (Bossert v Ford Motor Co., 140 AD2d 480, 480; see Hemmings v Rolling Frito-Lay Sales, LP, 220 AD3d 754, 756; U & Me Homes, LLC v County of Suffolk, 169 AD3d 853, 855; Horseman Antiques, Inc. v Huch, 50 AD3d 963, 964). The determination of a motion pursuant to CPLR 1021 is an exception to a court's lack of jurisdiction upon the death of a party (see Vicari v Kleinwaks, 157 AD3d 975, 977; Vapnersh v Tabak, 131 AD3d at 474).
Here, the Supreme Court should have granted the second motion, made by Hazard, for substitution as the party plaintiff. Contrary to the court's determination, the attorney's affirmation sufficiently demonstrated that the attorney represented Hazard and had the legal authority to make the motion on her behalf (see CPLR 2106; Hemmings v Rolling Frito-Lay Sales, LP, 220 AD3d at 756). Furthermore, as the motion was made by Hazard, the court erred in requiring proof of service of the motion upon her (cf. Horseman Antiques, Inc. v Huch, 50 AD3d at 964).
GENOVESI, J.P., BRATHWAITE NELSON, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court